THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* AARON MAZELOFF, Appellant.

First Department, May 29, 1930.

*Joseph Heller*, for the appellant.

*Michael J. Driscoll, Deputy Assistant District Attorney*, of counsel [*Thomas C. T. Crain, District Attorney*], for the respondent.

McAvoy, J. The defendant borrowed the sum of $1,000 from the complainant and gave him a promissory note in the sum of $1,080 due in three months. After one payment of $355 had been made, defendant gave complaintant a check bearing date October 30, 1929, which check was made and issued by the defendant on October 3, 1929, and was given on account of the indebtedness which was then past due.

Defendant was convicted of the crime defined in section 1292-a of the Penal Law. In so far as the same is applicable to the situation herein that section reads: "Any person who, with intent to defraud, shall make or draw or utter or deliver any check, draft or order for the payment of money upon any bank or other depositary, knowing at the time of such making * * * that the maker or drawer has not sufficient funds * * * with such bank * * * for the payment of such check, although no express representation is made in reference thereto, shall be guilty of a misdemeanor * * *. In any prosecution under this section * * * the making, drawing, uttering or delivering of a check * * * payment of which is refused by the drawee because of lack of funds or credit, shall be *prima facie* evidence of intent to defraud and of knowledge of insufficient funds."

It will be seen that section 1292-a does not recite postdated checks among the prohibited items. The instruments are as described, a " check, draft or order."

Section 321 of the Negotiable Instruments Law defines a check to be a bill of exchange drawn on a bank payable on demand. So, the instrument in question was not a check within the meaning of section 321, and to issue it under the conditions described in the act does not, therefore, constitute a crime within the meaning of section 1292-a of the Penal Law.

Fraud cannot be predicated upon non-performance of a future promise, and a postdated check is a mere promise to discharge a present obligation at a future date.

" * * * the fact of its non-payment when the due date arrives — without more — is no more evidence that it was given with a

fraudulent intent than is the permitting of a promissory note to go to protest proof of such intent * * *." (*State* v. *Barone,* [N. J.] 118 Atl. 779.)

We think the legislative mandate does not make manifest an intent to include a postdated check among the prohibited instruments described in the section, and that the implication of giving a postdated check is that the maker has not presently funds on deposit rather than that he has.

The judgment should be reversed, the information dismissed and the defendant discharged.

DOWLING, P. J., MERRELL, FINCH and SHERMAN, JJ., concur.

Judgment reversed, the information dismissed and the defendant discharged.