C. Gabriel Chartrand, Appellant, v. Harry R. McConnell, Doing Business as Barth's Jewelry Store, Respondent. — Memorandum: The action is for malicious prosecution. The defendant's motion was twofold. He asked dismissal of the complaint under rule 106 of the Rules of Civil Practice on the ground that the complaint failed to state facts sufficient to constitute a cause of action. This demand for relief was not passed upon by Special Term so that we have no determination of that motion to review. Defendant also moved for summary judgment under rule 113 upon the records of the Geneva City Court and affidavits. The plaintiff filed affidavits in opposition. Since an action for malicious prosecution is not of the character specified in the eight categories set forth in the rule, the defendant's right to summary judgment must be based upon documentary evidence or official record. (See *Lederer* v. *Wise Shoe Co.*, 276 N. Y. 459.) The record of the City Court discloses that the plaintiff was arrested on September 14, 1950, upon an information of the defendant charging the plaintiff with violation of section 1292-a of the Penal Law in that on August 18, 1950, the plaintiff made, uttered and delivered a check for $23.13 on the Lincoln Rochester Trust Company, knowing that there were no funds or credit for the payment of the check. The record also shows that plaintiff was arraigned and released in his own custody and the proceeding adjourned. The following appears upon the city court record: "11/3/50. Dismissed on restitution in full." The answering affidavit of the plaintiff sets forth that the check in question was made and delivered on August 14, 1950. If this be the fact, it was a postdated check and there could be no prosecution for violation of section 1292-a of the Penal Law. (See Negotiable Instruments Law, §§ 20, 31, 321, and *People* v. *Mazeloff*, 229 App. Div. 451.) Whether the check was postdated is a fact question to be determined upon the trial of the action. We also think that there is an issue of fact as to whether the criminal proceeding terminated in favor of the plaintiff. The record of the city court does not disclose the facts as to whether the dismissal was based on a request of the plaintiff or that of the defendant or as a result of compromise or at the instance of the City Judge himself. The resolution of that question must be determined as a fact, in order to arrive at a decision of the rights of the parties. (See *Halberstadt* v. *New York Life Ins. Co.*, 194 N. Y. 1; *Levy's Store* v. *Endicott-Johnson Corp.*, 272 N. Y. 155, and *Zebrowski* v. *Bobinski*, 278 N. Y. 332.) The motion for summary judgment should have been denied. All concur. (Appeal from a judgment dismissing plaintiff's complaint in an action for damages for the alleged malicious prosecution of plaintiff by defendant. The order granted defendant's motion for summary judgment.) Present — Taylor, P. J., McCurn, Vaughan, Kimball and Wheeler, JJ.

Isabella Perry, Appellant, v. John J. Sharkey, Respondent. — All concur. (Appeal from a judgment for defendant for no cause of action in an automobile negligence action. The order denies a motion for a new trial.) Present — Taylor, P. J., McCurn, Vaughan, Kimball and Wheeler, JJ.