Jerome B. E. Wolff, J.
The facts briefly are as follows: The defendant on the 9th day of October, 1962, delivered a check in the amount of $109 to Sibley, Lindsay & Curr Company, which check was dated as of October 10, 1962, and received the sum of $109 from the said corporation. Thereafter an indictment alleging the same facts was handed down by the Grand Jury against the defendant, which accused the defendant of the violation of section 1292-a of the Penal Law of the State of New York in the first count, and violation of sections 1290, 1292-a and 1296 of the Penal Law of the State of New York in the second count. The said indictment further alleges that all of the acts and transactions alleged in each of the two counts of the indictment are connected together and constitute parts of a common scheme and plan.
Section 1292-a of the Penal Law reads as follows: “ Any person who, with intent to defraud, shall make or draw or utter or deliver any check, draft or order for the payment of money either in his own behalf or in behalf of any other person * * * upon any bank or other depositary, knowing at the time of such making, drawing, uttering, or delivering, that the maker or drawer has not sufficient funds in or credit with such bank or other depositary for the payment of such check, although no express representation is made in reference thereto, shall be guilty of a misdemeanor; and if money or property is obtained from another thereby is guilty of larceny and punishable accordingly.” The section further sets out what shall be prima facie evidence of an intent to defraud and what shall be admissible in the prosecution of the said section.
In the instant case a postdated check was given by the defendant which actually is not a check, since a check is defined pur *454 suant to section 321 of the Negotiable Instruments Law as “ a bill of exchange drawn on a bank payable on demand.” Therefore, using the allegations of the indictment, the defendant did deliver a postdated check, and since he did not utter or deliver any “ check ” the indictment alleges facts which do not constitute a crime nor bring the defendant within the provisions of section 1292-a of the Penal Law which specifically mentions “ a check, draft or order.”
“ [T]he legislative mandate does not make manifest an intent to include a postdated check among the prohibited instruments described in the section, and that the implication of giving a postdated check is that the maker has not presently funds on deposit rather than that he has.” (People v. Mazeloff, 229 App. Div. 451, 453.)
The demurrer should be sustained and the information dismissed and the defendant discharged.