John S. Lookman, J.
In this action to recover against an individual for a corporate check because of the alleged fraud of the individual, after a trial without a jury, the findings of fact are as follows:
The defendant, an officer of the B. B. B. Mobile Units, Inc., executed two checks dated July 19 and 30, 1963, respectively, drawn on the corporation for merchandise delivered by the plaintiff on a O. O. D. basis. During the month of July deposits to the corporation account totaled $12,809.69, and checks totaled $13,517.50. The balance at the beginning of the month was $717.82, and at the end of the month was $89.99 overdrawn. Following the first check of $180.98 dated July 19, 1963, there were deposits of $1,219.17 and during the same period checks in the amount of $2,708.25. The second check dated July 30, 1963, was delivered on July 26 because the defendant knew there were insufficient funds on July 26.
CONCLUSIONS 0® LAW
The plaintiff relies upon Lippman P aching Corp. v. Rose (203 Misc. 1041) where an officer of a corporation, with knowledge that there were insufficient funds in the corporate account, drew a check for the purpose of inducing the sale of merchandise, was held liable for fraud. This case is distinguished. As to the first check, which was not postdated, the activities of the corporate account preclude a finding of fraud by the individual defendant.
As to the second check, which was postdated, the language of People v. Mazeloff (229 App. Div. 451, 452) applies: “ Fraud cannot be predicated upon non-performance of a future promise, and a postdated check is a mere promise to discharge a present obligation at a future date.”
The language of Azzarello v. Richards (198 Misc. 723, 724) is also pertinent: “ since the act of giving a postdated check is not in itself evidence of fraud, nor a violation of section 1292-a of the Penal Law. One who gives a postdated check does not impliedly represent that funds are then available to pay it, but merely that they will be available on the future date of the check. In other words a postdated check is in the nature of a promise to discharge a present obligation at a future date. The implication is that the funds are not yet available; otherwise the check would not be postdated.” Judgment for the defendant.