■ STATE OF NEW YORK, Appellant, v WALTER M. STROUP, Respondent. —Appeal from part of an order of the Supreme Court at Special Term, entered October 12, 1978 in Albany County, which dismissed one of the causes of action alleged in the complaint. Defendant was an attorney employed in the Claims and Litigation Bureau of the Department of Law of the State of New York from January, 1961 through October 5, 1976, when the Department of Law became aware of certain alleged illegal activities which were the subject of an investigation by the District Attorney of Albany County. A full-scale, intradepartmental investigation of defendant's activities for the years 1970 through 1976 was then commenced. This investigation continued into 1978, and culminated with the service of the summons and complaint herein on or about May 15, 1978. Defendant moved to dismiss the complaint pursuant to CPLR 3211, or, in the alternative, for an order pursuant to CPLR 3013, 3014 and 3024. The complaint, containing 310 allegations, alleged that on or about 145 different occasions, defendant had submitted false and untrue travel vouchers which were known by him to be false when made, and were submitted to the plaintiff with the intent to deceive and defraud the plaintiff and induce the plaintiff in reliance thereon to reimburse defendant for expenses not incurred by him. Paragraphs 296 through 310 of the complaint alleged that, in the years 1970 through 1976, defendant, while employed as an Assistant Attorney-General, received compensation for workdays allegedly spent in service to the State when in fact he was entitled to receive compensation for a lesser number of days worked, and that defendant, by means of fraudulent representations made in accounting for time spent in service to the State, caused himself to be paid the sum of $46,666.92. Although not alleged in the complaint, defendant apparently was compensated on a full-time basis, and recovery is apparently sought on the basis that he did not pursue his duties on a full-time basis. Special Term granted the motion to dismiss as to the cause of action alleged in paragraphs 296 through 310 of the complaint, and denied the motion in all other respects. "To plead a prima facie case of fraud the plaintiff must allege representation of a material existing fact, falsity, scienter, deception and injury. (Reno v Bull, 226 NY 546, 550.) In addition, each of these essential elements must be supported by factual allegations sufficient to satisfy the requirement of CPLR 3016 (subd [b]) that 'the circumstances constituting the wrong shall be stated in detail' when a cause of action based upon fraud or breach of trust is alleged. CPLR 3016 (subd [b]) imposes a more stringent standard of pleading than the generally applicable 'notice of the transaction' rule of CPLR 3013, and complaints based on fraud or breach of trust which fail in whole or in part to meet this special test of factual pleading have consistently been dismissed (see Block v Landegger, 44 AD2d 671; Meltzer v Klein, 29 AD2d 548)." (Lanzi v Brooks, 54 AD2d 1057, 1058, affd 43 NY2d 778.) Measured against this standard, the cause of action alleged in paragraphs 296 through 310 of the complaint fails

to state a cause of action. Appellant does not assert that it was impossible to state in detail the circumstances constituting the alleged fraud in this case, and nothing in the record suggests that the circumstances constituting the alleged fraud are peculiarly within and depend upon knowledge in the possession of the respondent. The pleader is not relieved from the obligation of pleading the necessary elements of the cause of action, and Special Term correctly found that appellant had failed to allege *scienter* and deception. The order dismissing the cause of action alleged in paragraphs 296 through 310 of the complaint should, therefore, be affirmed. Order affirmed, without costs. Mahoney, P. J., Kane, Staley, Jr., and Herlihy, JJ., concur; Sweeney, J., not taking part.