**VIRGILIO FLORES, S.A., Plaintiff,**

v.

**JEROME RADELMAN, INC., Jerome Radelman and Lois Radelman, Defendants.**

**No. CV–81–3044.**

United States District Court, E.D. New York.

Dec. 20, 1982.

Braverman & Rosen, Debra B. DiCicco, New York City, for plaintiff.

Somer & Wand, Carl F. Wand, Commack, N.Y., for defendants.

## MEMORANDUM OF DECISION AND ORDER

COSTANTINO, District Judge.

In this diversity action, plaintiff Virgilio Flores, S.A. ("Flores"), a Mexican corporation engaged in the manufacture and export of wicker baskets, seeks monetary relief from defendants, Jerome Radelman, Inc., a New York Corporation and Jerome Radelman and Lois Radelman, individually (hereinafter collectively referred to as "Radelman") who are engaged in the importation for resale of wicker products on the basis of contract and fraud claims. Flores' claims for relief include the following: (1) for goods sold and delivered by plaintiff to defendants; (2) for moneys due and owing on checks tendered by defendants to plaintiff; (3) for interest on defendants' indebtedness to plaintiff; (4) for an amount equal to the service charges incurred by plaintiff due to dishonor of defendants' checks; and (5) for damages resulting from fraud perpetrated upon plaintiff by defendants. The corporate defendant Jerome Radelman, Inc. moved for summary judgment on the grounds that the complaint fails to state a cause of action and that the plaintiff is not authorized to do business in New York. Further, the individual defendants have moved for summary judgment on the grounds that the debt sued on is a corporate debt only, that the individual defendants never intended to defraud the plaintiff, that the complaint fails to state a cause of action, and finally that the plaintiff is not authorized to do business in New York State. For the reasons set forth below, the defendants' motions for summary judgment are denied in their entirety.

*Facts*

The claims set forth in the complaint arise out of the business associations of the parties herein which occurred during the period from May 1979 through July 1980. Typically, upon defendants' specific request, plaintiff would ship various quantities of merchandise to defendants, who would

tender payment by check or money transfer. Out of a total of fourteen checks proffered by Radelman during this period, twelve of those checks were subsequently dishonored, and the dishonor of nine of those checks remains uncured to date. In his affidavit, Flores attests that at least on one occasion he was convinced to resume shipment of goods on the basis of the personal representation of Mr. Radelman that the checks would be honored. To date, however, it is claimed that the checks remain dishonored, and plaintiff alleges that he has incurred substantial interest on loans secured to cover defendants' indebtedness, as well as service charges on the dishonored checks.

■ The defendants assert that Flores is precluded from maintaining the instant action on the ground that Flores is a foreign corporation doing business in New York without authorization. Defendants cite New York Business Corporation Law § 1312 which precludes a foreign corporation which is doing business in New York from instituting a New York action as plaintiff until it duly licenses itself and pays all required fees and taxes. This provision is applicable to a federal court action in New York when the federal jurisdictional basis is diversity of citizenship. *Woods v. Interstate Realty Co.,* 337 U.S. 535, 69 S.Ct. 1235, 93 L.Ed. 1524 (1949). Cf. *Grand Bahama Petroleum Co. v. Asiatic Petroleum Corp.,* 550 F.2d 1320 (2d Cir.1977). However, this court notes that failure of a foreign corporation to qualify under this statute is not a jurisdictional defect defeating the action. *See, e.g., Manhattan Fuel Co. Inc. v. New England Petroleum Corporation,* 422 F.Supp. 797 (S.D.N.Y.1976). In order to be "doing business" in the State of New York as to require authorization before maintaining an action, a foreign corporation must be engaged in a threshold level of activity within New York. This threshold has been interpreted by courts as requiring a regular and continuous course of conduct in New York. *Manhattan Fuel Company, Inc. v. New England Petroleum Corporation, supra; Stafford-Higgins In-*

*dustries, Inc. v. Gaytone Fabrics, Inc.,* 300 F.Supp. 65 (S.D.N.Y.1969).

■ In the instant case, Flores' affidavit asserts that he never transacted business in New York with defendants, and that defendants transmitted all orders for goods as well as payments to Flores' offices in Tehuacan, Mexico. (Flores Affidavit, ¶s 2, 5, 7, 11, 12). Further, Flores asserts that he did not ship goods directly to Radelman in New York, but rather that he shipped goods to Laredo, Texas in care of brokers designated by Radelman. (Flores Affidavit, ¶s 4, 8). Further, Flores states that he has never transacted business in New York unrelated to the instant action, nor otherwise established presence in New York. Thus, this court concludes that Flores may maintain the instant action.

■ Upon examination of the complaint, this court finds that it sets forth a sufficient cause of action for fraud and satisfies Federal Rule of Civil Procedure 9(b) requirement of reasonable specificity with respect thereto. The instant complaint sets forth a prima facie fraud action in that Flores alleges the following: misrepresentation of a material fact, scienter, reliance and injury. *See Samuels v. Eleanora Beheer, B.V.,* 500 F.Supp. 1357 (S.D.N.Y.1980); *State of New York v. Stroup,* 70 A.D.2d 752, 416 N.Y.S.2d 883 (3rd Dept.1979).

■ The defendants also contend that the debt at issue constitutes a corporate debt and that as a result Jerome and Lois Radelman cannot be individually liable therefor. To the contrary, the Second Circuit has held that officers and directors of a corporation may be personally liable for damages resulting from misrepresentations where fraud is alleged. *Securities and Exchange Commission v. Frank,* 388 F.2d 486 (2d Cir.1968); *See also, Berkowitz v. Baron,* 428 F.Supp. 1190 (S.D.N.Y.1977); *Fischer v. Kletz,* 266 F.Supp. 180 (S.D.N.Y.1967). For example, in the case of *Lippman Packing Corp. v. Rose,* 203 Misc. 1041, 120 N.Y.S.2d 461 (1953) where the corporate president issued and delivered a check on the corporate account with insufficient funds to meet

the obligation and thus obtained renewal of credit to the corporation and additional merchandise on credit, he was held responsible for the fraud and deceit as if the check had been drawn on his personal account.

■■■ Finally, defendants inaccurately contend that no conduct on their part has been alleged sufficiently to raise a claim of fraud. Representations as to future events will support a claim of fraud if the representor knew at that time that no such event would occur. *Plum Tree v. Winston,* 351 F.Supp. 80 (S.D.N.Y.1972). Similarly, an act of fraud may be alleged where goods or services have allegedly been secured or purchased with a preconceived intention not to pay. *Colonial Securities, Inc. v. Merrill Lynch, Pierce, Fenner & Smith Incorporated,* 461 F.Supp. 1159 (S.D.N.Y.1978). The defendants cite to *Alpha Aromatics, Inc. v. Frisone,* 50 Misc.2d 341, 270 N.Y.S.2d 493 (1966) for the proposition that the act of postdating a check gives rise to the presumption that there are not sufficient funds in its account to cover its check at the moment the check is drawn; this is the reason the check was postdated. However, the act of postdating a check signals that there will be sufficient funds in the account on the date the check is postdated to. An issue of fact exists in the instant case at least as to whether the defendants had any intention of placing sufficient funds in the account on which the checks were drawn to insure that the postdated checks would be honored upon presentation.

In conclusion, this court has determined that material issues of fact exist with respect to all the grounds alleged. While the court has illustrated the feasibility of asserting these claims, the parties are directed to continue discovery with regard thereto. Plaintiff has alleged facts upon which to base a prima facie case sufficient to defeat defendants' motions for summary judgment. Accordingly, defendants' motions are denied.

So ordered.