■ COMMODITY OCEAN TRANSPORT CORPORATION OF NEW YORK et al., Respondents, v JOSEPH E. ROYCE et al., Appellants. (And a Third-Party Action.) [633 NYS2d 541] —In an action, inter alia, to recover damages for breach of fiduciary duty, fraud, and tortious interference with contract, the defendants appeal (1) from so much of an order of the Supreme Court, Westchester County (Colabella, J.), entered August 6, 1993, as denied their cross motion to dismiss the action as brought by the plaintiff Commodity Ocean Transport Corporation, Panama, S. A., on the ground that it lacked authority to do business in New York State pursuant to Business Corporation Law § 1312, and (2) from so much of an order of the same court (Nicolai, J.), entered March 31, 1994, as denied their cross motion for summary judgment dismissing or staying the action because Commodity Ocean Transport Corporation, Panama, S. A. was a foreign corporation doing business in New York without authorization.

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs.

The plaintiff Commodity Ocean Transport Corporation, Panama, S. A. (hereinafter COTCO Panama) is a Panamanian corporation which operates a shipping business that charters bulk cargo vessels in a pool arrangement. It directly engages only in international commerce. All of the vessels in the pool are "foreign flag vessels" and as such are expressly prohibited by law from participating in the domestic United States trade. COTCO Panama engages a management agency to oversee the day-to-day operations of the vessels. This agent has delegated responsibility for subchartering, marketing, booking, scheduling and logistical details to Commodity Ocean Transport Corporation of New York (hereinafter COTCO NY). COTCO NY is duly qualified to conduct business in New York and files both United States Corporate Income Taxes and New York State Franchise Tax Returns.

Business Corporation Law § 1312 (a) provides that "[a] foreign corporation doing business in this state without authority shall not maintain any action or special proceeding in this

state unless and until such corporation has been authorized to do business in this state and it has paid to the state all fees and taxes imposed under the tax law or any related statute". In order for a foreign corporation to be "doing business" in New York so as to require authorization before maintaining an action, the corporation must be engaged in a regular and continuous course of conduct in the State (see, *Virgilio Flores S. A. v Jerome Radelman, Inc.,* 567 F Supp 577).

The defendants allege that the Supreme Court erred in denying their cross motion to dismiss or stay this action pursuant to Business Corporation Law § 1312. The defendants contend that COTCO Panama was controlled, directed, and operated out of New York and hence, was in violation of Business Corporation Law § 1312. Even if it is true that COTCO NY was controlling COTCO Panama, this does not establish that COTCO Panama was engaged in intrastate business, thus subjecting it to the restrictions of Business Corporation Law § 1312 (see, *Storwal Intl. v Rock Realty Co.,* 784 F Supp 1141; *Mayatextil v Liztex USA,* US Dist Ct, SD NY, Feb. 26, 1992). Rather, this shows that COTCO NY, a company that was licensed to do business within the State and as such filed and paid applicable New York State fees and taxes, was performing services relating to COTCO Panama's international shipping business, for COTCO Panama.

We have examined the defendants' remaining contention and find it to be without merit. Thompson, J. P., Joy, Goldstein and Florio, JJ., concur.