■ VON ARX, A. G., Respondent, v C. J. BREITENSTEIN, Defendant, and C. J. BREITENSTEIN CO., INC., Appellant.—Order unanimously modified in accordance with memorandum and as modified affirmed, with costs to respondent. Memorandum: That portion of Special Term's order granting partial summary judgment to plaintiff on the issue of liability in plaintiff's action for breach of contract was in all respects proper, there being no merit to defendant's affirmative defense premised upon plaintiff's failure to comply with section 1312 of the Business Corporation Law. Whether a foreign

corporation is "doing business" within the purview of section 1312 of the Business Corporation Law so as to foreclose access to our courts depends upon the particular facts of each case with inquiry into the type of business activities being conducted (see, e.g., *Conklin Limestone Co. v Linden,* 22 AD2d 63). In connection with such determination it is to be recognized that, while some activities might constitute "doing business" pursuant to CPLR 301 and so subject a foreign corporation to the jurisdiction of New York courts, such a finding would not necessarily render a corporation liable to the qualification requirements of section 1312 of the Business Corporation Law *(Tauza v Susquehanna Coal Co.,* 220 NY 259, 267; *International Text Book Co. v Tone,* 220 NY 313, 318). The purpose of section 1312 of the Business Corporation Law and its predecessor statutory provisions is not to enable defendants to avoid contractual obligations but to regulate such foreign corporations which are in fact conducting business within the State so that they shall not be doing business under more advantageous terms than those allowed a corporation of this State *(Cummer Lbr. Co. v Associated Mfrs. Mut. Fire Ins. Co.,* 67 App Div 151, 154, affd 173 NY 633). Nor may a State unlawfully interfere with a foreign corporation's right to engage in purely interstate commerce *(Tauza v Susquehanna Coal Co., supra,* p 267). Denial of access to our courts by such foreign corporations engaged solely in interstate commerce would constitute such unlawful interference. Plaintiff maintains no office or warehouse in New York; it has no New York bank account; it holds no real estate or personal property here; it sends no officers or employees regularly into the State to perform or oversee services. In essence there is no showing that plaintiff conducted continuous activities essential to its corporate business. Rather, the evidence indicates that plaintiff ships goods into the State from Switzerland for further shipment by defendant within or without the State. Orders of defendant are accepted in Switzerland with no solicitation or advertising taking place in New York State by plaintiff's agents or employees. Clearly, this is not qualifying activity that would or constitutionally could subject plaintiff to New York State regulation and cannot be said to constitute "doing business" in New York State within the context of section 1312 of the Business Corporation Law. Notwithstanding plaintiff's failure to appeal from Special Term's order denying summary judgment on the issue of damages, the record facts amply warrant the exercise by this court of its authority to award summary judgment to plaintiff on such issue *(De Rosa v Slattery Contr. Co.,* 14 AD2d 278, affd on opn of Appellate Division 12 NY2d 735; see, also, *Manhattan Gear & Instrument Co. v 2350 Linden Blvd. Corp.,* 27 AD2d 570). In view of defendant's failure to respond to the CPLR 3123 notice to admit resultant critical facts bearing upon both liability and damages are deemed admitted. The general denials contained in defendant's answer and bare conclusory allegation contained in defendant's affidavit alluding to the "reasonableness" of and "agreement" pertaining to the invoiced prices of the accounts rendered by plaintiff, submitted in opposition to plaintiff's CPLR 3212 motion for summary judgment, are totally insufficient to raise any triable issue of fact as to plaintiff's damages or defendant's liability on the contract (see *Indig v Finkelstein,* 29 AD2d 851). However, under the particular circumstances of this case, since plaintiff by its complaint and supporting evidence submitted on its motion for summary judgment has sought recovery in Swiss francs as opposed to United States funds, the case should be remanded to Special Term solely for the purpose of conversion computation of the damage item of 136,881.91 Swiss francs to

United States dollars to be awarded as recovery to plaintiff. (Appeal from part of revised order of Erie Supreme Court—partial summary judgment.) Present—Marsh, P. J., Cardamone, Simons, Mahoney and Goldman, JJ.