OPINION OF THE COURT
Arnold Guy Fraiman, J.
This is a motion by defendant Kingsdown Corporation, N.V. pursuant to CPLR 3211 (subd [a], par 3) to dismiss the complaint on the ground that plaintiff lacks capacity to sue. Basis for the motion is the failure of plaintiff to adequately plead its corporate status and, alternatively, its failure to demonstrate compliance with section 1312 of the Business Corporation Law, which governs the right of a foreign corporation to maintain an action in New York.
By its complaint, plaintiff seeks specific performance of an option to purchase an apartment in a building in Manhattan known as The Galleria. It presently leases the apartment in question. The complaint identifies plaintiff as “a trust company organized and existing under the laws of Puerto Rico”. This is adequate for the purposes of CPLR 3015 (subd [b]). However, a more serious problem is presented by the second branch of defendant’s motion, which seeks dismissal of the complaint on the alternative ground that, assuming plaintiff is a Puerto Rican corporation, it has failed to demonstrate its authority to maintain an action in this State. Section 1312 of the Business Corpora *760 tion Law requires that a foreign corporation doing business in New York obtain authority to do business and pay all fees, penalties and franchise taxes owing before it may maintain an action here. Plaintiff contends that it has not been shown that it is doing business in New York and that a foreign corporation is entitled to a presumption that it is doing business in the State of its incorporation, in this case, Puerto Rico, and that defendant has failed to overcome this presumption. The fact that it is leasing an apartment here, which by its complaint it seeks to purchase, does not constitute doing business here, according to plaintiff, and in support of this contention it relies upon Roe & Co. v State of New York (43 Misc 2d 417). In that case, the court held that ownership of vacant real property in New York did not constitute “doing business” as to require compliance with the present section 1312 of the Business Corporation Law. However, the leasing of a residential apartment by plaintiff, as in the instant case, is not the same as owning a vacant lot. In the absence of evidence to the contrary, the court presumes that plaintiff maintains the apartment in question for use by its officers and employees while they are in New York to transact the corporation’s business, and that the corporation would not maintain a permanent apartment here unless such business consisted of more than a casual, isolated or occasional transaction. If this is in fact the case, it would constitute “doing business” in this State so as to require qualification under section 1312 of the Business Corporation Law as a condition precedent to its maintaining an action in this jurisdiction. Accordingly, the motion to dismiss is granted with leave to plaintiff to renew if it wishes to seek to establish affirmatively that the court’s presumption is erroneous, and that it is not doing business in New York.