■ GREAT WHITE WHALE ADVERTISING, INC., Respondent, v FIRST FESTIVAL PRODUCTIONS et al., Defendants, and VECTOR MANAGEMENT, LTD., Appellant.

— Appeal from an order of the Supreme Court at Special Term, entered December 1, 1980 in Albany County, which denied a motion by Vector Management, Ltd., to vacate an ex parte attachment order. On August 23, 1980, a rock concert was held in Ontario, Canada, under promotion and production by defendant First Festival Productions (First Festival), a Canadian limited partnership comprised of two Canadian corporations in which the individual defendants Taylor and Grossman apparently are officers or employees. Plaintiff Great White Whale Advertising, Inc. (GWW) is a New York corporation which rendered advertising and promotion services for the concert to First Festival for which it claims $78,000 is due. Without having commenced an action to recover that sum, GWW, on August 25, 1980, obtained an ex parte order of attachment of funds from concert ticket sales in the possession of Ticketron, a subsidiary of a Delaware corporation with offices in New York City. The grounds for the attachment were that defendants were nondomiciliaries or foreign corporations not qualified to do business in New York (CPLR 6201, subd 1). A levy was made by the Sheriff of the City of New York. Vector Management, Ltd. (Vector), a Canadian corporation, alleges that pursuant to written agreement dated August 19, 1980, it agreed to loan First Festival $325,000 for promotion and production of the concert. As security for the loan, First Festival executed and delivered to Vector an assignment of specified property and its receivables then or thereafter to become due, including proceeds from concert tickets sold by Ticketron. Financing statements were registered with the appropriate Canadian agencies in order to perfect the security interest and notification of the assignment was mailed to Ticketron directing that payment be made directly to Vector's attorneys. On September 3, 1980, eight days after the levy, GWW moved to confirm the attachment pursuant to CPLR 6211 (subd [b]). Vector, by order to show cause granted September 19, 1980, moved to vacate the order of attachment and set aside the Sheriff's levy on the grounds (1) it was void by reason of the failure of GWW to move for confirmation within five days after the levy (CPLR 6211, subd [b]), (2) defendants had no interest in the levied funds because of Vector's security interest therein, and (3) the required undertaking (CPLR 6212, subd [b]) was not filed. Special Term denied confirmation to GWW on the ground its motion was untimely, and also denied Vector's motion to vacate holding that the court lacked jurisdiction over Vector, a foreign corporation not authorized to do business in this State, citing section 210 of the General Corporation Law. It appears that no order was entered on the GWW motion. Vector has appealed to this court from the order denying its motion for vacatur of the attachment. Subsequent to the taking of this appeal, GWW obtained a new ex parte order of attachment causing another levy to be made on December 1, 1980, and moved the same day to confirm this second order of attachment. By order entered January 7, 1981, this court granted a motion by Vector and stayed all further proceedings in connection with the second order of attachment and levy thereunder, including the hearing and determination of the motion to confirm that attachment order. GWW argues that this appeal is moot because having failed to timely move to confirm its order of attachment and levy, CPLR 6211 (subd [b]) effects a self-executing vacatur. This contention is incorrect. CPLR 6211 (subd [b]) states in part: "If plaintiff fails to make such motion within the required period, the order of attachment and any levy thereunder shall have no further effect *and shall be vacated upon motion.*" (Emphasis added.) The failure of GWW to have entered an order upon Special Term's denial of its motion to confirm results in an effective attachment and levy now rendered ineffective, but

still not vacated. Neither can GWW be heard to claim that the second order of attachment impliedly produced vacatur of the first order. Ostensibly, the second order was granted in reliance upon Special Term's initial determination and the erroneous assumption the first order had been vacated. However, absent an order of vacatur, there is no vacatur. Since Vector's motion to vacate was denied and the order entered thereon made the subject of this appeal, the issue remains viable and this appeal is not moot. Special Term's denial of Vector's motion to vacate the order of attachment did not address the merits of the motion. The trial court found that Vector was a foreign corporation doing business in this State without having registered, citing section 210 of the General Corporation Law. This section was repealed in 1973 (L 1973, ch 451, § 2), having been superseded by section 1301 of the Business Corporation Law. Uncertain whether Vector, a nonparty to the action between GWW and defendants, was a movant in that action or petitioner in a separate special proceeding, Special Term decided that in any event, since Vector asserted an affirmative claim of title to the attached funds, section 210 of the General Corporation Law was applicable. Section 1312 of the Business Corporation Law constitutes a bar to the maintenance of an action by a foreign corporation found to be "doing business" in New York without the required authorization to do business there. However, the application of this statutory bar may only be effected when it has been raised as an affirmative defense (CPLR 3018, subd [b]), and the burden of proof is placed upon the party asserting same *(Dixie Dinettes v Schaller's Furniture,* 71 Misc 2d 102, 103). There is a presumption in an action brought by a foreign corporation that it is doing business in the State of its incorporation rather than in New York *(Paper Mfrs. Co. v Ris Paper Co.,* 86 Misc 2d 95). The test of doing business in New York for the purpose of section 1312 of the Business Corporation Law and its predecessors is not the same as that for jurisdictional purposes. Both raise constitutional questions, but the latter involves the due process clause while the former involves the interstate commerce clause. In construing statutes which license foreign corporations to do business within our State, we must avoid unlawful interference by the State with interstate commerce *(Tauza v Susquehanna Coal Co.,* 220 NY 259, 267; *International Text Book Co. v Tone,* 220 NY 313, 318). Whether a foreign corporation is "doing business" within the purview of section 1312 of the Business Corporation Law, so as to foreclose access to our courts, depends upon the particular facts of each case with inquiry into the type of business activities being conducted *(Von Arx, A.G. v Breitenstein,* 52 AD2d 1049, affd 41 NY2d 958; see, also, *Conklin Limestone Co. v Linden,* 22 AD2d 63). Special Term also concluded that the existence of statutory incapacity divested the court of jurisdiction. This is erroneous. In *Hot Roll Mfg. Co. v Cerone Equip. Co.* (38 AD2d 339), this court held that the foreign corporation's legal capacity to maintain an action does not affect jurisdiction (see, also, *Continental Shows v Essex County Agric. Soc.,* 62 AD2d 1103). Special Term's conclusion that section 210 of the General Corporation Law divested it of jurisdiction to hear Vector's claim and that the cited section was applicable, was error because there appears neither allegations nor evidence that Vector was "doing business" in New York. All conduct and transactions took place in Canada, and absent any allegation or proof that Vector had in the past, or was presently "doing business" in New York, it had authority to maintain an action here (Business Corporation Law, § 1313). Accordingly, Special Term had jurisdiction to consider the merits of Vector's motion. Vector could properly move to vacate the order of attachment (CPLR 6223, subd [a]), and, since Special Term found and GWW

apparently concedes that the application to confirm was untimely, its motion should have been granted (CPLR 6211, subd [b]). Order reversed, on the law, without costs, and motion to vacate order of attachment granted. Sweeney, J. P., Casey, Yesawich, Jr., Weiss and Herlihy, JJ., concur.