■ ALICANTO, S. A., Appellant, v WILLIAM H. WOOLVERTON et al., Respondents.—In an action to recover on a promissory note, the plaintiff appeals from an order of the Supreme Court, Nassau County (Ain, J.), which, in effect, denied, following a hearing, its motion pursuant to CPLR 3213 for summary judgment in lieu of a complaint, and held that the plaintiff was barred by Business Corporation Law § 1312 (a) from maintaining the instant action.

Ordered that the order is reversed, on the law and the facts, and the matter is remitted to Justice John W. Burke of the Supreme Court, Nassau County, who originally heard the instant motion, for a new determination.

The threshold issue for our consideration on this appeal is whether the plaintiff Alicanto, S. A. (hereinafter Alicanto), a corporation organized under the laws of Argentina, is "doing

business in this state without authority" within the meaning of Business Corporation Law § 1312 so as to bar the maintenance of the instant action. The trial court concluded that Alicanto was an unauthorized foreign corporation doing business in New York and, therefore, access to our courts was foreclosed. We reverse and hold that the plaintiff has the legal capacity to maintain this action.

Business Corporation Law § 1312 (a) provides that "[a] foreign corporation doing business in this State without authority shall not maintain any action or special proceeding in this state unless and until such corporation has been authorized to do business in this state" and it has met several other enumerated conditions not pertinent to determination of this appeal. There is no precise measure of the nature or extent of activities necessary for a finding that a foreign corporation is "doing business" in this State. Determination of this question must be approached on a case-by-case basis with inquiry made into the type of business being conducted *(Great White Whale Adv. v First Festival Prods.,* 81 AD2d 704, 706; *Conklin Limestone Co. v Linden,* 22 AD2d 63, 64). The party relying upon this statutory barrier bears the burden of proving that "the corporation's business activities in New York were not just casual or occasional, but 'so systematic and regular as to manifest continuity of activity in the jurisdiction' *(Construction Specialties v Hartford Ins. Co.,* 97 AD2d 808; *accord, International Fuel & Iron Corp. v Donner Steel Co.,* 242 NY 224, 230)" *(Peter Matthews, Ltd. v Robert Mabey, Inc.,* 117 AD2d 943, 944). In this regard, there is a presumption that a plaintiff does business in its State of incorporation rather than in New York *(Construction Specialties v Hartford Ins. Co., supra; Great White Whale Adv. v First Festival Prods., supra).*

Applying these principles to the matter before us, we are of the opinion that the plaintiff's activities in New York were not representative of the type of regular, systematic and continuous business which constitutes the doing of business within the meaning and intent of Business Corporation Law § 1312 (a). It commenced this action to recover upon a promissory note that was signed in New York by the defendants, a former Alicanto, S. A., employee and his wife who were residents of New York. Alicanto, S. A., demanded that the note be paid by the defendants at an office it maintained in New York.

Review of the record reveals that Alicanto, S. A., was engaged in the business of securing contracts from United States companies to manufacture, sell and deliver products to

agencies of the government of Argentina and to Argentine corporations. Alicanto, S. A., was also a sales representative of certain United States corporations in Argentina and other South American countries. It maintained an office and two bank accounts in New York. It also employed local New York counsel who was an authorized signatory on these bank accounts. From its New York office, Alicanto, S. A., purchased goods from companies in other States for shipment to foreign countries. Some of the purchased goods were physically transported through this State. What is particularly telling from the evidence adduced at the hearing is that in the seven-year period from 1977 to 1984 during which Alicanto, S. A., maintained an office in this State, only four transactions were actually negotiated by it in New York and three of those transactions were with companies located outside of New York. Moreover, each of those transactions pertained to the purchase of machinery to be shipped to Argentina. These activities were not so regular and systematic as to invoke the statutory bar of Business Corporation Law § 1312.

Support for this conclusion may be found in the decisional law where legal capacity of a foreign corporation to sue in this State has been found notwithstanding the fact that the foreign corporation maintained bank accounts in New York (*Intermar Overseas v Argocean, S. A.,* 117 AD2d 492, 497; *Hastings v Piper Aircraft Corp.,* 274 App Div 435, 438, *rearg denied* 275 App Div 660), its officers resided in New York (*Fremay, Inc. v Modern Plastic Mach. Corp.,* 15 AD2d 235, 241), the foreign corporation shipped goods into this State for further shipment within or without New York (*Von Arx, AG. v Breitenstein,* 52 AD2d 1049, 1050, *affd* 41 NY2d 958), or contracts were negotiated in New York (*Intermar Overseas v Argocean, S. A., supra*). Accordingly, on the basis of the facts and the prevailing law we find the trial court's decision to be in error. Alicanto, S. A.'s activities in this State were merely incidental to its business in interstate and international commerce (*see, Tauza v Susquehanna Coal Co.,* 220 NY 259, 267; *International Text Book Co. v Tone,* 220 NY 313, 318; *see also, Von Arx, AG. v Breitenstein, supra*). Thompson, J. P., Lawrence, Kunzeman and Sullivan, JJ., concur.