## WILLIAMS ERECTORS OF SUFFOLK COUNTY, Plaintiff,

v.

## MULACH STEEL CORP., Defendant and Third Party Plaintiff,

v.

## MELLON STUART COMPANY, Third Party Defendant.

### No. CV 87–3828.

United States District Court, E.D. New York.

May 12, 1988.

Leibowitz & Kane by James A. Kane, Jr., Garden City, N.Y., for plaintiff.

Lowey, Dannenberg & Knapp by Richard Bemporad, New York City, for defendant and third party plaintiff.

Nixon, Hargrave, Devans & Doyle by Robert C. Sentner, New York City, for third party defendant.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

Plaintiff, Williams Erectors of Suffolk County, Inc. ("Williams") brings this diversity action naming as defendant Mulach Steel Corp. ("Mulach"), a Pennsylvania corporation. In addition to answering the complaint, Mulach asserted a counterclaim and commenced a third-party action against Mellon Stuart Company. Presently before the Court is plaintiff's motion to dismiss Mulach's counterclaim and third party action for failure to comply with section 1312 of New York's Business Corporation Law. For the reasons that follow, the motion is denied.

## I.

■ Section 1312 of New York's Business Corporation Law ("BLC § 1312"), sometimes referred to as New York's "door closing statute," precludes a foreign corporation doing business in New York from "maintain[ing] any action or special proceeding in [New York]" without first obtaining a license to do business in New York and paying fees, penalties and franchise taxes to the State for the years it did business in New York without such license. BLC § 1312(a). This statute has been referred to as a "revenue measure" the purpose of which is to place foreign corporations on an "equal footing" with domestic corporations using facilities provided by New York State. D. Siegel, *New York Practice* § 30 at 30 (1978); *see also Dixie Dinettes, Inc. v. Schaller's Furniture, Inc.*, 71 Misc.2d 102, 335 N.Y.S.2d 632, 635 (Kings County 1972).

Although non-compliance with the statute has no effect on the validity of a contract to which the foreign corporation is a party, *see* BCL § 1312(b), such non-compliance precludes these corporations from using New York's courts as a legal forum. Where, as here, jurisdiction is based on diversity of citizenship, non-compliance with section 1312 precludes an unauthorized foreign corporation from maintaining suit in the federal as well as in the state courts of New York. *See Netherlands Shipmortgage Corp., Ltd. v. Madias*, 717 F.2d 731, 725 (2d Cir.1983).

## II.

■ Although Mulach apparently concedes that it has not complied with section 1312, it argues against dismissal. First, it is Mulach's contention that it is not, for purposes of section 1312, conducting business in New York. Second, Mulach argues that the statute precludes only an unauthorized foreign corporation from appearing as a *plaintiff* in a lawsuit. Where, as here, the foreign corporation appears in New York's courts as a defendant/third-party plaintiff, it is argued that the statute has no application.

While Mulach's first argument raises a question of fact precluding summary judgment, consideration of its second argument requires that it prevail on this motion. Initially, the Court notes that Mulach's position is supported by the plain language of section 1312 which states that a foreign corporation's failure to comply with the statute "shall not prevent the foreign corporation from *defending* any action or proceeding brought in [New York]." BCL § 1312(b) (emphasis added). Certainly, filing a counterclaim and third-party action is within the statute's meaning of "defending" an action. Indeed, New York courts have specifically held that a foreign corporation defending an action need not comply with section 1312 as a precondition to asserting a counterclaim. *See Bellak v. Bon Specialty Co. Inc.*, 80 N.Y.S.2d 248, 248 (1st Dep't 1948); *Conoley v. Distileria Serralles, Inc.*, 48 N.Y.S.2d 11, 13 (N.Y. County 1944).

Although research has not revealed a case that stands for the specific proposition that the filing of a third-party action falls within the statute's definition of "defending" an action, the Court holds that acting as a third-party plaintiff is not barred by a defendant's non-compliance with section 1312.

First, although a defendant acts as a plaintiff when asserting a third-party action, it is not as if the defendant has acted independently to seek redress in the New York courts in the first instance. Instead, the defendant appears in New York's courts only because he was summoned by a New York plaintiff. Thus, it is not defendant's choice to use New York as a forum without first paying the requisite fees.

Moreover, if non-compliance with the statute precludes a third-party action, the defendant will be forced to institute a separate action in order to obtain full relief. Since such action would fail to serve the ends of judicial economy, it is surely not within contemplation of the statute. Finally, the question of whether a defendant can obtain jurisdiction over the third-party defendant outside of New York may arise. If personal jurisdiction outside of New York

is impossible, defendant will be faced with the unfair choice of either discontinuing the third-party action or paying the requisite fees. The statute's intention is to put foreign corporations on an even footing with domestic corporations—it does not exist to put foreign corporate defendants at a disadvantage.

### III.

Since the assertion of a counterclaim and maintenance of a third-party action must be held to be within the purview of "defending" an action, Mulach's failure to comply with section 1312 does not require dismissal. Plaintiff's motion to dismiss the complaint and third-party action is, accordingly, denied.

SO ORDERED.