■ FINE ARTS ENTERPRISES, N. V., Respondent, v MORRIS LEVY, Appellant.—Kane, J. P. Appeal (1) from an order of the Supreme Court (Cobb, J.), entered March 30, 1988 in Columbia County, which, *inter alia,* granted plaintiff's motion for summary judgment, and (2) from the judgment entered thereon.

Plaintiff commenced this action seeking to recover the last of three installment payments due from defendant on a contract entered into between the parties on November 16, 1983. For a total price of $173,600, defendant received a syndicated partnership interest in a thoroughbred horse. The payments were to be in equal amounts of $57,860 and, although defendant made the first two payments, he never made the final payment. The action was commenced on July 15, 1987 and, after answering, defendant also made a demand for a bill of particulars to which plaintiff responded. Defendant also served a notice to depose the agent of plaintiff, Patrick Robinson, who signed the contract on its behalf. The deposition was scheduled for September 4, 1987. By letter dated July 31, 1987, plaintiff informed defendant that the deposition might have to take place sooner, apparently because Robinson would be in England after August. Plaintiff also cross-moved to depose defendant. Both depositions were then scheduled to take place on August 21, 1987. According to plaintiff, defendant then canceled this date; defendant does not deny this. It was rescheduled for August 28, 1987. However, defendant again canceled and stated that instead interrogatories would be served on Robinson. Apparently, defendant also canceled his own deposition two more times and the interrogatories were never served. According to plaintiff, after three inquiries as to their status, he was told they were to be served soon. Instead, on October 13, 1987, plaintiff received a second demand for a bill of particulars. On October 15, 1987, plaintiff moved for summary judgment. Defendant, in response, moved for summary judgment dismissing the complaint or, in the alternative, for a continuance to conduct further discovery. Supreme Court granted plaintiff's motion and defendant has appealed.

In support of his motion for summary judgment, defendant initially argued that plaintiff, a foreign corporation, was precluded from maintaining this action under Business Corporation Law § 1312 (a). Under that statute, a foreign corporation

"doing business" in this State without authorization cannot maintain an action in New York. Supreme Court found that defendant failed to show that plaintiff was doing business in New York. Defendant argues that the court erred because the facts relevant to plaintiff's activities in New York are solely within plaintiff's knowledge *(see,* CPLR 3212 [f]). However, by relying on this statute, it was defendant's burden to show that plaintiff's activities here were "systematic and regular" *(Construction Specialties v Hartford Ins. Co.,* 97 AD2d 808; *accord, Peter Matthews, Ltd. v Robert Mabey, Inc.,* 117 AD2d 943, 944), and there is a presumption that a foreign corporation does business in the State of its incorporation and not in New York *(Alicanto, S. A. v Woolverton,* 129 AD2d 601, 602). Here, the only evidence defendant presented was that the contract was executed and performed in New York and that plaintiff has a New York address. It also has a New York bank account. This evidence was insufficient to support defendant's allegation that plaintiff was doing business in this State *(see, supra,* at 602-603).

Nor do we agree that defendant should have been permitted to conduct further discovery on this issue. A motion for summary judgment cannot be defeated on the ground that more discovery is needed if the opposing party has failed to ascertain the facts due to its own inaction *(see, Meath v Mishrick,* 68 NY2d 992, 994-995; *Twining, Nemia & Hill v Read Mem. Hosp.,* 89 AD2d 432, 434). Although the action had been pending only three months at the time the parties made their motions *(see, Colonresto v Good Samaritan Hosp.,* 128 AD2d 825, 828), it was defendant who canceled the taking of the depositions. Defendant never served the interrogatories. No requests were made to depose any officers of plaintiff, nor did defendant attempt to conduct an independent investigation. Under the facts of this case, any unknown information was due to defendant's voluntary inaction *(see, Tausig & Son v Providence Wash. Ins. Co.,* 28 AD2d 279, 280-281, *affd* 21 NY2d 1022). In any event, the failure to obtain authorization to do business is a defect that is curable during the pendency of an action *(see, Intermar Overseas v Argocean, S. A.,* 117 AD2d 492, 497).

Defendant also claimed that he was fraudulently induced into the contract by Robinson, who allegedly agreed to aid defendant in reselling his interest. Defendant claimed that Robinson had no intention of giving such aid and made such representations in order to induce defendant into signing the contract. The parol evidence rule does not bar a party from

showing that a written agreement was obtained by fraudulent inducement; however, in order to defeat a summary judgment motion, such evidence must be genuine and based on proof, not conclusory assertions (*Hogan & Co. v Saturn Mgt.,* 78 AD2d 837; *see, Chimart Assocs. v Paul,* 66 NY2d 570, 575). Here, defendant's assertions were simply too uncertain and conclusory to defeat summary judgment in plaintiff's favor. Defendant in no way explains how or when the alleged representations by Robinson were found to be false. No proof was offered to support the claim that the representations were false when made. To defeat plaintiff's motion, defendant was required to state his version of the facts in evidentiary form (*see, Thrift Credit Corp. v American Overseas Trading Corp.,* 54 AD2d 994, 995). Defendant did not substantiate his claims by documents or other evidentiary proof, and he failed to contradict the unambiguous documentary evidence submitted by plaintiff (*see, supra*). He therefore failed to present any triable issues of fact on this point.

We have reviewed defendant's remaining contentions and find them lacking in merit.

Order and judgment affirmed, without costs. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.