**POSADAS DE MEXICO, S.A. de C.V., Plaintiff,**

**v.**

**Gerald D. DUKES and Terence W. Rufer, Defendants.**

**No. 89 Civ. 7527 (WCC).**

United States District Court, S.D. New York.

Feb. 26, 1991.

Fennell & Minkoff, New York City, for plaintiff.

Sheldon H. Kronegold, New York City, Darrell K. Fennell, Vicki F. Van Fleet, of counsel, for defendant Terence W. Rufer c/o Gail Flannigan Associates.

## OPINION AND ORDER

WILLIAM C. CONNER, District Judge:

Plaintiff Posadas de Mexico, S.A. de C.V. ("Posadas") brings this action against defendants Gerald D. Dukes and Terence W. Rufer alleging conversion of property in the amount of $221,122.31. Plaintiff seeks compensatory damages in the amount of $221,122.31 plus interest and $150,000 in punitive damages, plus the costs and disbursements incurred in this action. Subject matter jurisdiction is based upon 28 U.S.C. § 1332, as the action is between a citizen of a foreign state and two citizens of different states.

This action is currently before the Court on the motion of defendant Rufer for leave of the Court to amend his answer pursuant to Rule 15, Fed.R.Civ.P. and to dismiss plaintiff's action pursuant to Rule 12(b), Fed.R.Civ.P. Plaintiff has cross-moved for the imposition of sanctions under Rule 11, Fed.R.Civ.P. Defendant Dukes has not joined in either motion. For the reasons stated below, all the motions are denied.

## BACKGROUND

Posadas owns and operates hotels located exclusively in Mexico. As a corporation organized under the laws of Mexico and having its principal place of business in Mexico City, Posadas contends that it never maintained an office, employees or a telephone listing in New York. Posadas further maintains that it is not licensed to do business in New York, does not conduct any intrastate business activity in the state

and is engaged entirely in international commerce with the United States. Notwithstanding the foregoing assertions, Posadas admits having maintained bank accounts in New York for the limited purpose of accepting deposits from United States clients for its hotels in Mexico.

For the convenience of Americans wishing to make reservations to stay in its Mexican hotels, Posadas has entered into business relations with independent contractors, many of which have been New York corporations, to take reservations and accept deposits in the United States on its behalf. These independent contractors have also been given the right, during their period of engagement with Posadas, to use the Posadas trademark and tradename.

One of the independent contractors engaged by Posadas to handle reservations and hotel deposits on its behalf was Terence W. Rufer Associates, Inc. ("Rufer, Inc."). Defendant Rufer, a citizen and resident of New York, and defendant Dukes, a citizen and resident of New Jersey, were vice-president and president, respectively, of Rufer, Inc. During the course of its relationship with Posadas, Rufer, Inc. provided accounting, credit, collection, marketing, and reservation services to Mexican hotels managed by Posadas. In particular, Rufer, Inc. collected checks from third parties for reservations placed at hotel properties managed by Posadas. As part of their agreement, Rufer, Inc. was obligated to remit checks collected by it to Posadas by depositing these checks in certain bank accounts for which only officers of Posadas had signature authority.

The contractual relationship between Posadas and Rufer, Inc. terminated by its terms on October 31, 1986. Negotiations towards a new contract were formally terminated by letter from Posadas to Rufer, Inc. dated November 13, 1986. The correspondence of November 13, 1986 also terminated all authority of Rufer, Inc. and its employees as agents of Posadas. Posadas alleges that after the end of its relationship with Rufer, Inc., defendants Rufer and Dukes, without color of any authority or right, began retaining checks that had been sent to the offices of Rufer, Inc. and which were the property of Posadas.

Posadas alleges specifically that defendants Rufer and Dukes opened a checking account under the title "Terence W. Rufer Associates, Inc., Agent For Posadas de Mexico" on November 14, 1986 (the "Account") for the purpose of depositing checks belonging to Posadas. Defendants are accused of retaining exclusive signatory authority over the Account. Posadas further alleges that during the latter part of 1986, defendants systematically deposited funds belonging to Posadas in the Account and commingled their assets with those belonging to Posadas. After defendants began to withdraw funds from the Account in the first part of 1987, Posadas accuses defendants of proceeding to close the Account and retaining the balance of funds therein.

Posadas requests compensatory and actual damages in the amount of $221,122.31 together with interest from the dates of the alleged conversions, and $150,000 in punitive damages. Posadas further demands costs and disbursements incurred in this action, including attorneys' fees.

## DISCUSSION

Defendant Rufer requests leave of the Court to amend his answer to assert an affirmative defense under N.Y.Bus.Corp.L. § 1312.[1] On the basis of his proposed affirmative defense, defendant Rufer moves this Court to dismiss plaintiff's action under Fed.R.Civ.P., Rule 12(b). Defendant Rufer argues that plaintiff's failure to conform to the taxation and registration requirements of N.Y.Bus.Corp.L. § 1312 necessitates the dismissal of this action under

1. N.Y.Bus.Corp.L. § 1312 states, in pertinent part:

> A foreign corporation doing business in this state without authority shall not maintain any action or special proceeding in this state unless and until such corporation has been authorized to do business in this state and it has paid to the state all fees, penalties and franchise taxes for the years or parts thereof during which it did business in this state without authority.

Rule 12(b). Specifically, dismissal is sought on the ground that plaintiff, as a foreign corporation, has not filed a certificate of authority to transact business in the State of New York under § 1312(a) and is therefore barred from initiating this action in any court within the State of New York.

Before the Court can reach the merits of defendant's proposed motion to dismiss, the Court must direct its attention to the propriety of granting defendant Rufer leave to amend his answer as "the application of the statutory bar under [N.Y.Bus.Corp.L.] § 1312 may only be effected when it has been raised as an affirmative defense." *Great White Whale Advertising, Inc. v. First Festival Productions*, 81 A.D.2d 704, 438 N.Y.S.2d 655 (3d Dept 1981) (application of statute barring a foreign corporation from maintaining an action may only be effected when it has been raised as an affirmative defense). Because defendant Rufer has served his answer and cannot now amend his pleadings as of right, he requires leave of the Court to plead N.Y. Bus.Corp.L. § 1312 as a statutory bar to plaintiff's action and to use this defense as the basis of a motion to dismiss.

*Standard for Leave to Amend Responsive Pleadings*

It is generally accepted that the Federal Rules of Civil Procedure discourage the sacrifice of a potentially meritorious claim. Consonant with that end, Rule 15(a) provides that "leave [to amend] shall be freely given when justice so requires." The Court's discretion in this area, however, is hardly unbounded. See 3 Moore, Federal Practice ¶ 15.08[4], at n. 4, 896–97 (2d ed. 1974). As the Supreme Court concluded in *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962), a party "ought to be afforded an opportunity to test his claim on the merits," except in those instances where (1) the party's motion to amend is impelled by "bad faith or dilatory motive," *id.;* (2) the party's adversary can demonstrate that he will suffer actual prejudice if the motion to amend is granted, *see,* e.g., *Middle Atlantic Utilities Co. v. S.M.W. Development Corp.,* 392 F.2d 380 (2d Cir.1968); or (3) the proposed amendment would constitute no more than a futile exercise, *see,* e.g., *Friedman v. Chesapeake & O.R. Co.,* 261 F.Supp. 728 (S.D.N.Y.1966), *aff'd,* 395 F.2d 663 (2d Cir. 1968), *cert. denied,* 393 U.S. 1016, 89 S.Ct. 619, 21 L.Ed.2d 561 (1969) (Amendments are freely allowed under federal rule but are not allowed where party seeks thereby to assert claim lacking merit.)

Having determined defendant Rufer's motion for leave of the Court to be in good faith and absent any "dilatory motive," and that plaintiff will suffer no actual "prejudice" if the motion is granted, the Court must find that defendant Rufer's proposed affirmative defense and, consequently, his motion to dismiss thereunder amount to more than a "futile exercise" in order for leave to be granted.

*New York Business Corporation Law Section 1312 is Not Applicable to Plaintiff*

The purpose of New York Business Corporation Law § 1312 is to regulate foreign corporations doing business within the state and to put them on equal footing with domestic corporations in court proceedings. Labeled New York's "door closing" statute, N.Y.Bus.Corp.L. § 1312 was never intended to serve as a shield to protect defendants from legitimate claims by foreign companies. Rather, the statute was passed to ensure that those foreign companies that engaged in "systematic intrastate" transactions in New York undertook to conform to registration and taxation requirements before taking advantage of the state's courts as a forum for its grievances.[2] A determination of whether regular and systematic intrastate activity is undertaken cannot concern itself with mere indicia of business activity, but must inquire into "the type of business activities

2. The preclusive effect of N.Y.Bus.Corp.L. § 1312 also applies to federal courts within the State of New York. *See Williams Erectors of Suffolk County v. Mulach Steel Corp.,* 684 F.Supp. 357 (E.D.N.Y.1988) (Noncompliance with New York's "door closing statute" precludes unauthorized foreign corporation from maintaining diversity suit in the federal courts of New York.)

being conducted." *Von Arx, A.G. v. Breitenstein,* 52 A.D.2d 1049, 384 N.Y.S.2d 895 (4th Dept 1976) *aff'd,* 41 N.Y.2d 958, 394 N.Y.S.2d 876, 363 N.E.2d 582 (1977). Where a company's activities within New York are "merely incidental to its business in interstate and international commerce," section 1312 is not applicable. *Alicanto, S.A. v. Woolverton,* 129 A.D.2d 601, 603, 514 N.Y.S.2d 96, 98 (2d Dept 1987).

A foreign corporation such as Posadas, bringing suit in New York, is presumed to be doing business in its state of incorporation and not in New York. *Fine Arts Enterprises, N.V. v. Levy,* 149 A.D.2d 795, 539 N.Y.S.2d 827 (3rd Dept 1989). Where a defendant asserts that a foreign corporate plaintiff is "doing business"[3] in New York, as is the case here, the defendant has the burden of proving it.[4] *Great White Whale Advertising Inc. v. First Festival Productions,* supra. To carry that burden, the defendant must prove that plaintiff's business activities here are "systematic and regular."[5] It is not enough for the defendant, as in the instant case, to assert that plaintiff has "conducted business," whether on its own or through the services of an independent contractor or agent, without providing additional evidence of its continuity and intrastate character.

Defendant Rufer presumes plaintiff's noncompliance with N.Y.Bus.Corp.L. § 1312 on the basis of the alleged indicia of plaintiff's business contacts with New York State without taking into consideration whether or not such business engagements evidence systematic intrastate activities in New York. This mistaken presumption is evident in defendant Rufer's reliance on *Girod Trust Company v. Kingsdown Corporation, N.V.,* 108 Misc.2d 759, 438 N.Y.S.2d 894 (Supreme Ct. New York Co. 1981) and *Parkwood Furniture Co. v. OK Furniture Co.,* 76 A.D.2d 905, 429 N.Y. S.2d 240 (2d Dept 1980). In those cases, in ruling that corporate plaintiffs had failed to comply with the requirements of N.Y. Bus.Corp.L. § 1312, each court focused not on the mere indicia of the plaintiffs' presence in New York, but on the regular and systematic character of each party's commercial endeavors here. In his attempt to paint plaintiff as a party "doing business" in the state, defendant Rufer does not consider the "character" of plaintiff's contacts with New York, but engages in a series of often repetitious and conclusory claims about plaintiff's business contacts.

The nature of defendant Rufer's argument demonstrates his apparent confusion between the issue of "doing business" for purposes of acquiring personal jurisdiction and "doing business" under N.Y.Bus.

3. The Court rejects defendant Rufer's introduction of Revenue Ruling 70-424 and Section 882 of the Internal Revenue Code of 1954 as a means of interpreting the term "doing business" in N.Y.Bus.Corp.L. § 1312. Defendant Rufer argues that plaintiff's agency arrangement with a "domestic corporation for the exclusive sales of its services within the United States" constitutes "engaging" in "trade or business in the United States" for purposes of Rev.Rul. 70-424 and, by analogy, satisfies the requirements of N.Y.Bus.Corp.L. § 1312. The Court disagrees. In the first place, defendant Rufer does not substantiate his conclusion that Posadas and Rufer, Inc. were engaged in an agency as opposed to an independent contractor relationship. Secondly, defendant Rufer offers the Court no supporting case law nor legislative background to legitimize his transposition of the "doing business" requirement in Rev.Rul. 70-424 for that of N.Y.Bus.Corp.L. § 1312.

4. In his letter to the Court on June 26, 1990, defendant Rufer's attorney suggests that it is the burden of plaintiff to prove that it is *not* "conducting business in the United States." This is incorrect. As suggested above, the burden of proving that plaintiff engaged in systematic intrastate business in New York falls upon defendant Rufer. Whether or not plaintiff conducted business in the United States is not relevant.

5. *See Netherlands Shipmortgage Corp. v. Madias,* 717 F.2d 731, 735-736 (2d Cir.1983) ("not all business activity engaged in by a foreign corporation constitutes doing business in New York"); *Colonial Mortg. Co. v. First Federal Sav. & Loan Asso.,* 57 A.D.2d 1046, 395 N.Y.S.2d 798 (4th Dept 1977) ("[t]here being no permanence, continuity, or regularity of [the plaintiff's] activities in New York, Section 1312 of the Business Corporation Law cannot serve to bar [the plaintiff] from maintaining its action"); *Invacare Corp. v. John Nageldinger & Son, Inc.* 576 F.Supp. 1542, 1544 (E.D.N.Y.1984) ("New York Courts have required that the intrastate activity be permanent, continuous, and regular").

Corp.L. § 1312. While the sum of defendant Rufer's allegations about plaintiff's business contacts with New York might suffice as a basis of personal jurisdiction over plaintiff, which is obviously not at issue here, it is insufficient for the purpose of engaging the preclusive force of N.Y. Bus.Corp.L. § 1312.

Contrary to defendant Rufer's assertions, plaintiff's contacts with New York do not represent the type of intrastate business activity necessary to sustain a motion to dismiss under N.Y.Bus.Corp.L. § 1312. Plaintiff's efforts to market its Mexican hotel services to Americans involved contacts with New York which were purely in furtherance of commerce external to the state and, accordingly, did not require licensing in New York State.[6] Moreover, the factual bases upon which defendant Rufer relies in support of his general argument are suspect. Plaintiff's maintenance of bank accounts in New York does not constitute "transacting intrastate business" in New York. New York Business Corporation Law specifically excludes consideration of the maintenance of bank accounts in New York in determining whether a foreign corporation is doing business under section 1312. N.Y.Bus.Corp.L. § 1301(b)(3). With respect to the maintenance of office space in New York, in *Stafford–Higgins Industries Inc. v. Gaytone Fabrics, Inc.*, 300 F.Supp. 65, (S.D.N.Y. 1969) it was ruled that maintenance of an office in New York is not relevant to the question of "doing business" under Section 1312 in the absence of proof of intrastate, as opposed to interstate or international, commerce. Defendant Rufer offers no such proof.

The Court concludes that because there is no colorable merit to defendant Rufer's proposed affirmative defense under section 1312, amendment of the answer to include that defense would constitute a futile endeavor and is therefore denied in accordance with the Supreme Court's ruling in *Foman.* The denial of Rufer's motion to amend his answer to include a defense under section 1312 deprives him of the only basis of his dependent motion to dismiss pursuant to Rule 12(b), and the latter motion is accordingly also denied.

*Sanctions Pursuant to Rule 11*

Defendant's motion for leave to amend his answer was not so objectively unreasonable as to support the imposition of Rule 11 sanctions. *See McMahon v. Shearson/American Express, Inc.*, 896 F.2d 17 (2nd Cir.1990). Sanctions must be imposed on the signer of a paper if either (a) the paper is filed for an improper purpose, or (b) the paper is "frivolous." *See Zaldivar v. Los Angeles*, 780 F.2d 823, 832 (9th Cir.1986). The term "frivolous" describes a filing that is both baseless and made without a reasonable and competent inquiry. Defendant's action here is not frivolous nor is it evident that defendant's motion is pursued here for an improper purpose.

Rule 11 is not a license for the Court to punish *any* action by an attorney or party with which it disagrees. *See F.H. Krear & Co. v. Nineteen Named Trustees*, 810 F.2d 1250, 1268 (2d Cir.1987). In view of the Court's favorable disposition toward motions for leave to amend a pleading, defendant's motion is not so clearly flawed such that the Court could conclude that it was served for any improper purpose such as to harass or to cause unnecessary delay. Accordingly, plaintiff's motion for sanctions against defendant Rufer and his attorney is denied.

6. *See* e.g., *Stafford–Higgins*, supra., at 67 ( [s]olicitation of sales and placement of orders in New York for services in interstate or foreign commerce have always been held not to constitute doing business within the state.); *Paper Mfrs. Co. v. Ris Paper Co.*, 86 Misc.2d 95, 98, 381 N.Y.S.2d 959, 963 (Civil Ct., N.Y.1976) ("If the foreign corporation's contacts here, no matter how extensive, are merely for the purpose of soliciting business and activities incidental to the sale and delivery of merchandise [external to the state], then the foreign corporation is engaged in interstate commerce and constitutionally beyond the reach of section 1312 Business Corporation Law"); *Invacare Corp.*, 576 F.Supp. at 1544 ("[i]f the contacts with New York State are merely incidental to the solicitation of business and the sale and delivery of merchandise into the State, the activity is in essence interstate commerce and not subject to BCL § 1312(a)").

CONCLUSION

For the foregoing reasons, defendant Rufer's motion for leave of the Court to amend his answer pursuant to Rule 15 is denied.[7] Since defendant Rufer has been denied the opportunity to raise N.Y.Bus. Corp.L. § 1312 as an affirmative defense, his motion to dismiss on that ground is likewise denied. Plaintiff's motion for sanctions under Rule 11 is also denied.

SO ORDERED.

7. The Court's denial of defendant Rufer's request for leave to amend his answer is limited to his proposed inclusion of an affirmative defense under N.Y.Bus.Corp.L. § 1312. This decision is not dispositive of any future requests defendant Rufer may make of the Court for leave to amend his answer on other grounds.