**STORWAL INTERNATIONAL, INC., Plaintiff,**

v.

**THOM ROCK REALTY COMPANY, L.P., Defendant.**

**No. 90 Civ. 6922 (RWS).**

United States District Court, S.D. New York.

Feb. 26, 1992.

Stroock & Stroock & Lavan, New York City (Brian M. Cogan, Howard M. Hoffmann, J. Michael Williams, Judith A. Norman, of counsel), and Holleb & Coff, Chicago, Ill., for plaintiff.

Dreyer and Traub, New York City (Donald M. David, Kerry E. Connolly, of counsel), for defendant.

## OPINION

SWEET, District Judge.

Defendant Thom Rock Realty Co., L.P. ("Thom Rock"), has moved pursuant to Rule 15 of the Federal Rules of Civil Procedure to amend its answer to assert an affirmative defense and for an order dismissing the action on the ground that Plaintiff Storwal International Inc. ("Storwal International") is not authorized to do business in New York. For the reasons set forth below, Thom Rock's motion is denied.

## PRIOR PROCEEDINGS AND FACTS

Storwal International is a Canadian corporation engaged in the manufacture and wholesale of steel file cabinetry and pedestals for professional commercial offices. Its principal place of business is in Pembroke, Ontario, Canada, and it has not obtained a certificate of authority to do business in New York.

Storwal New York, Inc. ("Storwal New York"), is a New York Corporation with its principal place of business in New York. It is a wholly-owned subsidiary of Storwal Inc., a Delaware Corporation, which in turn is a wholly-owned subsidiary of Storwal International. Storwal New York is in good standing with New York's Secretary of State.

Thom Rock is a New York limited partnership having its principal place of business in New York, New York. Thom Rock develops and owns real estate.

The underlying facts at issue are fully set forth in the Court's previous opinion denying Thom Rock's motion for summary judgment, familiarity with which is presumed. *See Storwal International Inc. v. Thom Rock Realty Co.*, 768 F.Supp. 429 (S.D.N.Y.1991). The present motion is based on Storwal International's admission during discovery that it does not have a certificate of authorization to do business in New York.

Storwal International entered into the lease in question with Thom Rock in April 1986. The leased space was in Long Island City, New York, and intended for use as a showroom for displaying and marketing Storwal International's products. Employees of Storwal International negotiated the lease and Storwal International made the monthly lease payments.

Storwal New York was incorporated on October 21, 1986. Its employees are employees of Storwal New York,[1] and have no authority to enter into contracts on behalf of Storwal International. Rather, they forward proposed orders for the purchase of Storwal International's products to Storwal International in Canada. There the proposed orders are analyzed and modified as need be, and contracts negotiated, drafted, and executed. Goods sold pursuant to these contracts are manufactured in and shipped from Canada.[2] Payment is made to Storwal International and deposited into its Toronto bank account.

From April 1984 to February 28, 1986, Storwal International used an independent contractor to solicit business for it in New York. The contractor forwarded orders to Storwal International in a manner similar to that of Storwal New York.

Storwal New York recently entered into a lease for office and showroom space in Manhattan.

The instant motion was filed by Thom Rock on November 13, 1991. Oral argument was heard on January 13, 1992, and submissions received through January 17.

DISCUSSION

■ Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a complaint "shall be freely given when justice so requires." The Supreme Court has, however, interpreted Rule 15 to permit such amendments only when the party seeking the amendment (1) has not unduly delayed, (2) is not acting in bad faith or with a dilatory motive, (3) when the opposing party will not be unduly prejudiced by the amendment, and (4) when the amendment is not futile. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

Thom Rock seeks to amend its answer to assert an affirmative defense based on § 1312 of New York's Business Corporation Law. Thom Rock made this motion soon after it received Storwal International's document request response, and it does not seem to be in bad faith. Storwal will not be prejudiced if the motion is granted. *See Posadas de Mexico, S.A. v. Dukes*, 757 F.Supp. 297, 300 (S.D.N.Y.1991). Therefore, the proposed amendment must not be futile for the motion to be granted.

I. *Storwal International is not Barred*

■ New York's Business Corporation Law § 1312 provides:

A foreign corporation doing business in this state without authority shall not maintain any action or special proceeding in this state unless and until such corporation has been authorized to do business in this state and it has paid to the state all fees and taxes imposed under the tax law or any related statute, as defined in section eighteen hundred of such law, as well as penalties and interest charges related thereto, accrued against the cor-

---

**1.** This is a disputed point. However, a 1990 W–2 statement for an employee of Storwal New York who earlier supplied an affidavit stating that she was an employee of Storwal International tends to confirm this conclusion. The employee's own conclusion is only natural given the layering of the corporations.

From the complete record, it is not clear whether this employee, or any other employee of Storwal New York, was an employee of Storwal International at any time.

**2.** From late 1986 to early 1987, an independent contractor in Arkansas manufactured products for Storwal International.

poration. This prohibition shall apply to any successor in interest of such foreign corporation.

N.Y.Bus.Corp.Law § 1312(a) (McKinney Supp.1992). If a company falls within the statute's terms, it cannot maintain an action in New York State court or a diversity action in federal court. *See Netherlands Shipmortgage Corp. v. Madias,* 717 F.2d 731, 735 (2d Cir.1983). Storwal International concedes that it is a foreign corporation and that it is not authorized to do business in New York. It argues, however, that its activity does not fall within the scope of "doing business" as defined by § 1312.

■ No neat standard exists for § 1312. Instead, courts conduct inherently fact-bound analyses, focusing on whether the foreign corporation's activities are permanent, continuous, and regular. *See, e.g., Madias,* 717 F.2d at 736–41; *Fine Arts Enterprises, N.V. v. Levy,* 149 A.D.2d 795, 796, 539 N.Y.S.2d 827, 829 (3d Dep't 1989); *Parkwood Furniture Co. v. OK Furniture Co.,* 76 A.D.2d 905, 905, 429 N.Y.S.2d 240, 241 (2d Dep't 1980). This standard is stricter than the "doing business" standard under New York's long-arm statute. Because of the possibility of an unconstitutional infringement of interstate commerce, a higher level of intrastate activity must be shown to trigger § 1312. *See Madias,* 717 F.2d at 736; *Invacare Corp. v. John Nageldinger & Son, Inc.,* 576 F.Supp. 1542, 1544 (E.D.N.Y.1984); *International Fuel & Iron Corp. v. Donner Steel Co.,* 242 N.Y. 224, 231, 151 N.E. 214 (1926). "Where a company's activities within New York are 'merely incidental to its business in interstate and international commerce,' section 1312 is not applicable." *Dukes,* 757 F.Supp. at 301 (quoting *Alicanto, S.A. v. Woolverton,* 129 A.D.2d 601, 603, 514 N.Y.S.2d 96, 98 (2d Dep't 1987)).

■ Moreover, a foreign corporation bringing suit in New York State is presumed to be doing business where it is incorporated and not in New York. The burden is on the party asserting a § 1312 defense to prove that the foreign corpora-

tion's New York activities are systematic and regular. *Id.*

In *Stafford–Higgins Industries, Inc. v. Gaytone Fabrics, Inc.,* 300 F.Supp. 65 (S.D.N.Y.1969) (Weinfeld, J.), the plaintiff foreign corporation may have had a local sales office and staff in New York. Orders would be placed with its staff, and the goods manufactured by an independent contractor in Brooklyn and then shipped to Connecticut for final preparation for customer delivery. In denying the defendant's motion to dismiss on § 1312 grounds, the court held that the defendant failed to show the plaintiff's activities were anything but isolated or occasional transactions. *Id.* at 67. The court stated:

> The placement of orders within New York is no more doing business within the state than the in-state solicitation of orders, and yet the latter does not bring the corporation within the bar of the statute. It is the place of accepting the contract offer, not of accepting delivery of the merchandise ordered that is relevant in determining whether the corporation is "doing business" in New York. The maintenance of an office within the state does not prevent the corporation from bringing suit, even if coupled with the employment of solicitors to transmit orders obtained here to the home office for acceptance, and even if the corporation's name appears on the door. Nor is the result changed by the added factors that the corporation's name is listed in telephone and business directories.

*Id.* (footnotes omitted).

Likewise, in *Librairie Hachette, S.A. v. Paris Book Center, Inc.,* 62 Misc.2d 873, 309 N.Y.S.2d 701 (Sup.Ct.1970), the court refused to bar a foreign corporation from maintaining its suit for merchandise delivered. The plaintiff's New York corporate agent would receive sales orders and forward them to the foreign corporation's home office in Paris, France. All decisions concerning the orders were made in Paris, billings and invoices originated there, and all transactions required payment in francs in Paris. *Id.* at 874–75, 309 N.Y.S.2d at 703; *see also Fine Arts Enterprises,* 149

A.D.2d at 796, 539 N.Y.S.2d at 829 (that plaintiff foreign corporation executed and performed a contract in New York and had New York address immaterial for § 1312's purposes); *James Talcott, Inc. v. J.J. Delaney Carpet Co.*, 28 Misc.2d 600, 601, 213 N.Y.S.2d 354, 355 (Sup.Ct.) (plaintiff allowed to maintain suit where it maintained office and showroom in New York, but had main offices in Georgia where orders accepted and products manufactured), *aff'd*, 14 A.D.2d 866, 222 N.Y.S.2d 312 (1st Dep't 1961). *But see Paper Manufacturers Co. v. Ris Paper Co.*, 86 Misc.2d 95, 99, 381 N.Y.S.2d 959, 960–61 (Civ.Ct.1976) (action dismissed on facts similar to *Talcott*).

■ The plaintiff here entered into a single contract for the leasing of showroom and office space that was ultimately used by its subsidiary, a New York corporation. There is no evidence contradicting the plaintiff's assertion that all orders are sent to Canada for acceptance, that its products are manufactured in Canada, and that the persons employed by Storwal New York cannot bind Storwal International.[3] Thom Rock has simply demonstrated that Storwal International had incidental contacts with New York, not "systematic and regular" business activities. *Dukes*, 757 F.Supp. at 301; *accord Neiderhiser v. Henry's Drive-In, Inc.*, 96 Ariz. 305, 307, 394 P.2d 420, 422 (1964).

Nor is the policy behind § 1312 frustrated by Storwal International's operations. The purpose of the statute is to put foreign corporations on equal footing with domestic ones. Here, New York corporations are not at a disadvantage. Storwal International has established a separate New York corporation for the purpose of conducting its New York activities that pays fees and taxes to New York. Thom Rock has failed to demonstrate how the purposes of § 1312 would be furthered by also having Storwal International register as doing business in New York.

Cases such as *Conklin Limestone Co. v. Linden*, 22 A.D.2d 63, 253 N.Y.S.2d 578 (3d Dep't 1964), are distinguishable. In those cases, the plaintiffs conducted continuous intrastate activity, bringing them within the statute's purview. *See Madias*, 717 F.2d at 737.

Thom Rock also relies on cases such as *Loria & Weinhaus, Inc. v. H.R. Kaminsky & Sons, Inc.*, 80 F.R.D. 494 (S.D.N.Y.1978), and *Bialek v. Racal–Milgo, Inc.*, 545 F.Supp. 25 (S.D.N.Y.1982), for the proposition that a parent corporation can be deemed as "doing business" in New York through the activities of its subsidiary. None of these cases, however, speak of § 1312. They instead discuss the "doing business" standard applicable to New York's long-arm statute. As discussed above, a different standard applies to those cases, and they are thus inapplicable.

Thom Rock has failed to demonstrate that allowing it to amend its answer to assert an affirmative defense under § 1312 will not be futile. Its motion is therefore denied.

CONCLUSION

For the reasons set forth above, Thom Rock's motion to amend its answer pursuant to Rule 15 of the Federal Rules of Civil Procedure is denied.

It is so ordered.

---

**3.** The dispute over whether certain personnel are employees of Storwal International or Storwal New York is immaterial. *See Stafford–Higgins*, 300 F.Supp. at 66–67.