■ McKenzie Banking Company, Appellant, v Craig J. Billinson, Individually and Doing Business as Craig J. Billinson & Associates, Respondent. [914 NYS2d 843]—

Appeal from an order of the Supreme Court, Onondaga County (James P. Murphy, J.), entered January 19, 2010. The order denied the motion of plaintiff and granted the motion of defendant to dismiss the complaint.

It is hereby ordered that the order so appealed from is unanimously modified on the law by denying defendant's cross motion and reinstating the complaint and as modified the order is affirmed without costs.

Memorandum: In this action to recover on a promissory note, we agree with plaintiff that Supreme Court erred in granting the cross motion of defendant to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, based on plaintiff's failure to comply with section 1312 of the Business Corporation Law. That section prohibits a foreign corporation that is doing business in New York without authority from maintaining an action in New York "unless and until such corporation has been authorized to do business in this state and it has paid to the state" all required fees, taxes, penalties and interest charges (§ 1312 [a]; *see Great White Whale Adv. v First Festival Prods.*, 81 AD2d 704, 706 [1981]). "However, the application of this statutory bar may only be effected when it has been raised as an affirmative defense . . . , and the burden of proof is placed upon the party asserting [the bar]" (*Great White Whale Adv.*, 81 AD2d at 706; *see Paper Manufacturers Co. v Ris Paper Co.*, 86 Misc 2d 95 [1976]). "Whether a foreign corporation is 'doing business' within the

purview of section 1312 of the Business Corporation Law so as to foreclose access to our courts depends upon the particular facts of each case with inquiry into the type of business activities being conducted" (*Von Arx, A. G. v Breitenstein*, 52 AD2d 1049, 1049-1050 [1976], *affd* 41 NY2d 958 [1977]). Here, while defendant established that plaintiff is a foreign corporation that has not been authorized to do business in this state, defendant presented no evidence that plaintiff is in fact doing business in this state, and the court therefore erred in granting defendant's cross motion. We therefore modify the order accordingly.

Contrary to the further contention of plaintiff, however, the court properly denied its motion for summary judgment. Even assuming, arguendo, that plaintiff met its initial burden of proof on the motion, we conclude that defendant raised an issue of fact to defeat the motion by presenting evidence of a meritorious defense (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Present—Scudder, P.J., Carni, Lindley, Pine and Gorski, JJ.