■ DEBORAH HAWKINS, Individually and as Administratrix of the Estate of HOWARD HAWKINS, Deceased, Respondent, v GENESEE HOSPITAL et al., Appellants. (Appeal No. 1.) — Order unanimously modified and, as modified, affirmed, with costs to plaintiff, in accordance with same memorandum as in *Hawkins v Genesee Hosp.* (86 AD2d 971). (Appeals from order of Supreme Court, Monroe County, Patlow, J. — further depositions.) Present — Dillon, P. J., Hancock, Jr., Callahan and Doerr, JJ.

■ DEBORAH HAWKINS, Individually and as Administratrix of the Estate of HOWARD HAWKINS, Deceased, Respondent, v GENESEE HOSPITAL, Appellant, et al., Defendants. (Appeal No. 2.) — Appeal unanimously dismissed as academic. (Appeal from order of Supreme Court, Monroe County, Patlow, J. — reargument.) Present — Dillon, P. J., Hancock, Jr., Callahan and Doerr, JJ.

■ WHITACRE CONSTRUCTION SPECIALTIES, INC., Respondent, v AETNA CASUALTY & SURETY COMPANY, Appellant. — Judgment unanimously reversed, on the law, with costs, and complaint dismissed. Memorandum: The sole issue in this action is the meaning of the phrase "ceased Work on said Contract" as it appears in the labor and material payment bond issued by the defendant Aetna Casualty and Surety Company. The trial court construed the term "Work" as including the performance of administrative obligations under the contract as well as work on the construction project. We disagree. Both the labor and material payment bond and the agreement between the owner and the contractor are on standard printed forms prepared and published by the American Institute of Architects (AIA). These forms were carefully drafted and the terms used were meant to have a consistent meaning throughout the documents. As an adjunct to these forms the AIA has published a Glossary of Construction Industry Terms which lists and defines terms "which are used in, or are special to, the construction industry." (AIA, Glossary of Construction Industry Terms [1970 ed], included in 1 AIA, Architect's Handbook of Professional Practice.) Included in this glossary is the term, "Work" which is defined as "[a]ll labor and materials necessary to produce the construction required by the Contract Documents, and all materials and equipment incorporated or to be incorporated in such construction." Wherever the word "Work" is used in the AIA forms it appears with a capital "W" indicating that it has a specific meaning. The term "Work" has a technical meaning in the construction industry and it is apparent from the definition in the glossary, as well as from the context in which the word "Work" is used in the AIA standard forms, that "Work" refers to either the construction project itself or to the labor and materials directly related to the project. It does not include the performance of other obligations assumed under the contract. Indeed, when the contract refers to obligations other than work directly related to construction, it makes a distinction between the two. For instance, article 6 of the standard form of agreement states that final payment shall be paid to the contractor 30 days after "Substantial Completion of the Work * * * provided the Work has then been completed, the Contract fully performed, and a final Certificate for Payment has been issued by the Architect." Thus to be entitled to final payment, the contractor must not only have completed all of the "Work", but he must in addition have performed all of the other obligations necessary to fully perform the contract and to obtain a final certificate. These obligations under the contract such as procuring "releases and waivers of liens arising out of the Contract", are not referred to as "Work" but are obligations in addition to the "Work" required by the contract documents. Since this action was commenced more than one year after the contractor ceased performing labor and supplying materials and equipment to the construction project, the judgment is reversed and the complaint dismissed. (Appeal from judgment of