■ CONSTRUCTION SPECIALTIES, INC., Respondent, v HARTFORD INSURANCE CO., Appellant, et al., Defendant. — In an action to recover on a construction contract, defendant Hartford Insurance Co. appeals from an order of the Supreme Court, Suffolk County (De Luca, J.), dated April 29, 1983, which denied its motion for summary judgment dismissing the complaint against it. Order affirmed, with costs. An issue of fact exists as to whether the plaintiff subcontractor's transactions in New York reach the level of "doing business in this state without authority" so as to bring plaintiff within the purview of subdivision (a) of section 1312 of the Business Corporation Law. Appellant has not as yet shown that the contract between plaintiff and the defendant contractor constituted "more than a solitary * * * transaction" (*Penn Collieries Co. v McKeever*, 183 NY 98, 103), let alone that plaintiff's activities in New York have been so systematic and regular as to manifest continuity of activity in the jurisdiction (*International Fuel & Iron Corp. v Donner Steel Co.*, 242 NY 224, 230). Accordingly, the presumption that plaintiff does business, not in New York but in its State of incorporation has not been overcome (see *Great White Whale Adv. v First Festival Prods.*, 81 AD2d 704, 706). An issue of fact also remains with respect to whether the contractor defendant, who was principal on a surety bond with appellant, in effect continued to work on the project by having plaintiff perform punch-list work less than one year before plaintiff commenced this action. If this were so, appellant's affirmative defense of the Statute of Limitations barring suits commenced more than one year after the contractor ceased work would fail. This is not a case like *Timberline Elec. Supply Corp. v Insurance Co.* (72 AD2d 905) where the facts are unambiguous that the principal on the bond stopped work more than a year before the action was commenced against the bonding company. Nor does it appear that the work performed was anything but construction, rather than administrative tasks (see *Whitacre Constr. Specialties v Aetna Cas. & Sur. Co.*, 86 AD2d 972). Lazer, J. P., Bracken, Brown and Niehoff, JJ., concur.