■ PETER MATTHEWS, LTD., et al., Respondents, v ROBERT MABEY, INC., et al., Appellants.—Yesawich, Jr., J. Appeal from an order of the Supreme Court at Special Term (Cobb, J.), entered June 27, 1985 in Albany County, which denied defendants' motion for summary judgment dismissing the complaint of Peter Matthews, Ltd., and for partial summary judgment limiting defendants' liability.

Plaintiffs Peter and Sarah Matthews, husband and wife, own and operate plaintiff Peter Matthews, Ltd. (hereinafter the corporation). The corporation is organized under the laws of the United Kingdom and is engaged internationally in dealing in fine art. In 1979, plaintiffs hired defendants to move the contents of their New York City apartment, including corporate property (paintings), to a house they had rented in East Chatham, Columbia County. The move occurred on May 7, 1979. After defendants' employees had fully loaded plaintiffs' possessions into a moving truck, Peter Matthews was presented with a bill of lading to sign. A provision of the bill limited the carrier's liability in the event of loss to the greater of a lump-sum value to be declared or an amount based on the poundage transported; Peter Matthews specified $15,000 as the lump-sum value and signed the bill. En route to East Chatham, a fire in the truck destroyed or damaged many of plaintiffs' belongings.

Plaintiffs thereafter instituted the instant negligence and breach of contract suit seeking damages substantially in excess of the $15,000 contract limit. Defendants moved (1) for partial summary judgment on the ground that the assigned valuation was an absolute defense, and (2) for summary judgment against the corporation only, arguing that because the corporation was doing business in New York without authority to do so, it was prohibited from suing here. In their response, plaintiffs claimed that the bill of lading was invalid, having been signed under duress, and that the record was inadequately developed to permit a finding, as a matter of law, that the corporation did not have capacity to sue in New York. Special Term found triable issues of fact and denied summary judgment. We affirm.

Defendants urge that plaintiffs' proof does not, as a matter of law, raise a question of duress in the execution of the bill of lading. Duress sufficient to render a contract voidable exists where contract concessions are elicited "by means of a wrongful threat precluding the exercise of [the aggrieved's] free will" (Austin Instrument v Loral Corp., 29 NY2d 124, 130). In this regard, the affidavit of Peter Matthews states that at 7:00

P.M., on the day of the move, "the atmosphere of hostility and impatience was extreme" and the crew, "three angry and exhausted working men", "were frantic to leave in order to get back to Chatham that night. The Bill of Lading was thrust at me with a demand for a signature—'without this we can't leave'." With respect to the declaration of a lump-sum limit on liability, Peter Matthews swears as follows: "[The workers] said any figure above a nominal one would have to be cleared and agreed by [defendant Robert] Mabey. If we insisted on a higher figure they said they could not and would not leave. Their insistence that Mabey could not be reached out of office hours left us no choice. To get them on the road, we put $15,000 in desperation." According to plaintiffs, at that juncture it was early evening and their apartment was empty; their goods were all in the truck on a busy Manhattan street, with no agreement consigning the goods to the movers. In addition, the movers refused to proceed until the bill of lading was signed. Nothing in the record suggests that plaintiffs had any practical alternative to compliance. That facts sufficient to withstand summary judgment on the duress issue were raised is self-evident.

Nor is the record any more conclusive as to whether the corporation was doing business in New York without authority and, on that basis, precluded from pursuing the lawsuit (see, Business Corporation Law § 1312 [a]). Since defendants rely on this statutory barrier, they have the burden (see, Great White Whale Adv. v First Festival Prods., 81 AD2d 704, 706) of showing that the corporation's business activities in New York were not just casual or occasional, but "so systematic and regular as to manifest continuity of activity in the jurisdiction" (Construction Specialties v Hartford Ins. Co., 97 AD2d 808; accord, International Fuel & Iron Corp. v Donner Steel Co., 242 NY 224, 230). The testimony of Peter Matthews suggest only that the corporation stored some paintings in plaintiffs' New York City apartment. Such pivotal factors as the number and volume of the corporation's sales or dealings within the State or the corporation's activities related to advertising, bank accounts or employment in New York are simply not determinable on the record before us.

Order affirmed, with costs. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.