■ INTERLINE FURNITURE, INC., Appellant, v HODOR INDUSTRIES CORP., Respondent

The defendant moved to dismiss the complaint on the ground that the plaintiff, a North Carolina corporation, lacked the capacity to sue (see, CPLR 3211 [a] [3]), pursuant to Business Corporation Law § 1312 (a), since it was doing business in this State without authority. Business Corporation Law § 1312 (a) "constitutes a bar to the maintenance of an action by a foreign corporation found to be 'doing business' in New York without the required authorization to do business there" *(Great White Whale Adv. v First Festival Prods.,* 81 AD2d 704, 706). However, "[t]he party relying upon this statutory barrier bears the burden of proving that 'the corporation's business activities in New York were not just casual or occasional, but "so systematic and regular as to manifest continuity of activity in the jurisdiction" *(Construction Specialties v Hartford Ins. Co.,* 97 AD2d 808; *accord, International Fuel & Iron Corp. v Donner Steel Co.,* 242 NY 224, 230)' *(Peter Matthews, Ltd. v Robert Mabey, Inc.,* 117 AD2d 943, 944)" *(Alicanto, S. A. v Woolverton,* 129 AD2d 601, 602).

Contrary to the defendant's contention, its motion papers did not establish, prima facie, that the plaintiff was doing

business in New York at the time the parties entered into the contract being sued upon by the plaintiff *(see, International Fuel & Iron Corp. v Donner Steel Co.,* 242 NY 224, 229-231). Specifically, the defendant has not "shown that the contract between plaintiff and the defendant * * * constituted 'more than a solitary * * * transaction' *(Penn Collieries Co. v Mc-Keever,* 183 NY 98, 103), let alone that the plaintiff's activities in New York have been so systematic and regular as to manifest continuity of activity in the jurisdiction *(International Fuel & Iron Corp. v Donner Steel Co.,* 242 NY 224, 230). Accordingly, the presumption that the plaintiff does business, not in New York but in its State of incorporation has not been overcome" *(Construction Specialties v Hartford Ins. Co.,* 97 AD2d 808). Therefore, it was error for the Supreme Court to grant the defendant's motion to dismiss the complaint on the ground that the plaintiff was barred from maintaining this suit unless there was compliance with Business Corporation Law § 1312 (a). This is so despite any insufficiency in the plaintiff's opposing papers.

Our determination is without prejudice to the defendant "setting forth the appropriate allegations in [its] answer as a defense" *(Dari-Delite v Priest & Baker,* 50 Misc 2d 654, 655; *see, Ascher Corp. v Horvath,* 35 Misc 2d 375, 377). Mollen, P. J., Lawrence, Eiber, Sullivan and Balletta, JJ., concur.