■ S & T BANK, as Assignee of INTERNATIONAL KITCHENS, LTD., Appellant, v SPECTRUM CABINET SALES, INC., Respondent. [668 NYS2d 641] —In an action to recover money for goods sold and delivered by the plaintiff's assignor, the plaintiff appeals from an order of the Supreme Court, Nassau County (O'Connell, J.), dated December 2, 1996, which granted the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (3), on the ground, *inter alia,* that the plaintiff's assignor, as a Pennsylvania corporation, lacked authority to do business in New York State pursuant to Business Corporation Law § 1312.

Ordered that the order is reversed, on the law, with costs, the defendant's motion is denied, and the complaint is reinstated.

The defendant successfully moved at the Supreme Court to dismiss the complaint on the ground, *inter alia,* that the plaintiff's assignor, International Kitchens, Ltd. (hereinafter International), a Pennsylvania corporation, lacked the capacity to sue (*see,* CPLR 3211 [a] [3]) pursuant to Business Corporation Law § 1312 (a), since it was doing business in this State without authority. Business Corporation Law § 1312 (a) "constitutes a bar to the maintenance of an action by a foreign corporation found to be 'doing business' in New York without the required authorization to do business there" (*Great White Whale Adv. v First Festival Prods.,* 81 AD2d 704, 706; *Interline Furniture v Hodor Indus. Corp.,* 140 AD2d 307). However, the party relying upon this statutory barrier bears the burden of proving (*see, Great White Whale Adv. v First Festival Prods., supra*) that the corporation's business activities in New York "were not just casual or occasional," but " 'so systematic and regular as to manifest continuity of activity in the jurisdiction' " (*Peter Matthews, Ltd. v Robert Mabey, Inc.,* 117 AD2d 943, 944; *Construction Specialties v Hartford Ins. Co.,* 97 AD2d 808; *see also, International Fuel & Iron Corp. v Donner Steel Co.,* 242 NY 224).

Contrary to the defendant's contention, its motion papers did not establish, prima facie, that International was doing business in New York at the time that the parties entered into the contract being sued upon (*see, International Fuel & Iron Corp. v Donner Steel Co.*, 242 NY2d 224, 229-231, *supra*). Although International shipped a large amount of its product into New York, it neither maintained an office, a telephone, or a sales representative in New York. Nor did it do any advertising in New York. Under these circumstances, "there is no showing that plaintiff conducted continuous activities in [New York] essential to its corporate business" (*Von Arx AG. v Breitenstein*, 52 AD2d 1049, 1050, *affd* 41 NY2d, 958). The purpose of Business Corporation Law § 1312 (a) is "to regulate foreign corporations which are 'doing business' within the State [and] not * * * to enable the avoidance of contractual obligations" (*Von Arx AG. v Breitenstein Co.*, 41 NY2d, *supra*, at 960). Accordingly, "the presumption that the plaintiff does business, not in New York but in its State of incorporation has not been overcome" (*Construction Specialties v Hartford Ins. Co.*, *supra*, at 808). Therefore, the Supreme Court erred in granting the defendant's motion to dismiss the complaint. Mangano, P. J., Joy, Altman and Luciano, JJ., concur.