(November 22, 1999)

■ Airline Exchange, Inc., Respondent, v Richard Bag et al., Appellants, et al., Defendants. [698 NYS2d 694] —In an action to foreclose a mortgage, the defendants Richard Bag, Toby Bag, and Apparel Industries, Inc., appeal from an order of the Supreme Court, Nassau County (Dunne, J.), entered July 7, 1998, which denied their motion to dismiss the complaint pursuant to CPLR 3211 (a) (3).

Ordered that the order is affirmed, with costs.

We disagree with the appellants' contention that this action is barred by Business Corporation Law § 1312 (a). Business Corporation Law § 1312 (a) constitutes a bar to the maintenance of an action by a foreign corporation found to be doing business in New York without having obtained the required authorization to do business there (*see, Great White Whale Adv. v First Festival Prods.,* 81 AD2d 704, 706). It is meant to regulate foreign corporations doing business in New York and to protect against the avoidance of contractual obligations (*see, Von Arx, A.G. v Breitenstein,* 52 AD2d 1049, 1050, *affd* 41 NY2d 958). However, absent proof establishing that the plaintiff is doing business in New York, it is presumed that the plaintiff is doing business in its State of incorporation and not in New York (*see, S & T Bank v Spectrum Cabinet Sales,* 247 AD2d 373, 374; *Construction Specialties v Hartford Ins. Co.,* 97 AD2d 808).

The plaintiff, a Florida corporation, transacts almost all of its business in Florida. The plaintiff also maintains an office and receives its mail in Florida. The plaintiff has one New York bank account, has occasionally used a New York office which the plaintiff's president maintains for his other business interests, and has, over at least an eight-year period, entered into three or four transactions in New York. These facts do not support a finding that the plaintiff's business activities in New York were so systematic and regular as to manifest continuity of activity in this jurisdiction (*see, S & T Bank v Spectrum Cabinet Sales, supra; Alicanto, S.A. v Woolverton,* 129 AD2d 601). Accordingly, Business Corporation Law § 1312 (a) does not bar the plaintiff from maintaining this action.

In light of our determination, it is unnecessary to address the appellants' remaining contentions. Altman, J. P., H. Miller, Schmidt and Smith, JJ., concur.