■ PLATUS CORPORATION PENSION PLAN, ROBERT REED, as Trustee, Respondent, v JULIAN NAZARETH, Appellant. [705 NYS2d 649] —In an action, *inter alia,* to recover on a promissory note, the defendant appeals from a judgment of the Supreme Court, Nassau County (Feuerstein, J.), dated April 20, 1999 which, upon the granting of the plaintiff's motion for summary judgment and upon the denial of his cross motion to dismiss the complaint, is in favor of the plaintiff and against him, *inter alia,* in the principal sum of $12,514.25.

Ordered that the judgment is affirmed, with costs.

The plaintiff is the assignee of a promissory note that the defendant signed to reflect his indebtedness in the amount of $17,000 which he incurred in connection with his purchase of a potato chip delivery route. The motion papers establish conclusively that the defendant defaulted in making installment payments in accordance with the note. The Supreme Court granted summary judgment to the plaintiff. We affirm.

The plaintiff is a Nevada corporation with its principal office in California. The submissions establish that, other than tak-

ing the steps necessary to carry out the assignment of the note in question, it did no business in New York. Thus, there is no merit to the defendant's assertion that the corporate plaintiff lacks standing to sue pursuant to Business Corporation Law § 1312 (a) (*see, Airline Exch. v Bag,* 266 AD2d 414; *S&T Bank v Spectrum Cabinet Sales,* 247 AD2d 373; *Great White Whale Adv. v First Festival Prods.,* 81 AD2d 704, 706; *Interline Furniture v Hodor Indus. Corp.,* 140 AD2d 307).

The defendant claims that the Supreme Court improperly granted summary judgment in favor of the plaintiff because there are questions of fact regarding his defense of fraud. The defendant asserts that the seller of the potato chip delivery route overestimated the amount of weekly gross revenue that the defendant could expect to receive. However, the defendant had available to him all of the relevant financial records, and presumptively these records would have provided him with all the information needed in order to assess the accuracy of the seller's estimate. The rule is that " 'a representation of opinion or a prediction of something which is hoped or expected to occur in the future will not sustain an action for fraud' " (*Landes v Sullivan,* 235 AD2d 657, 659, quoting *Zanani v Savad,* 217 AD2d 696, 697; *see also, Chimento Co. v Banco Popular de Puerto Rico,* 208 AD2d 385; *Chase Invs. v Kent,* 256 AD2d 298; *American Food & Vending Corp. v International Bus. Machs. Corp.,* 245 AD2d 1089).

Because the defendant has not raised a triable issue of fact as to whether there was fraud in the inducement or fraud in the underlying transaction, or as to any other defense, there is no material issue of fact as to whether the plaintiff is a holder in due course (*see, e.g., National Union Fire Ins. Co. v Marangi,* 214 AD2d 469).

The defendant's remaining contentions are without merit. Bracken, J. P., Ritter, Altman and McGinity, JJ., concur.