■ FEDERAL FINANCIAL Co., Respondent, v STANLEY LEVINE, Appellant, and BARBARA LEVINE, Respondent. [721 NYS2d 558] —In an action to recover damages for breach of contract, the defendant Stanley Levine appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Nassau County (O'Connell, J.), dated August 10, 1999, as granted the plaintiff's motion to restore the action to the trial calendar and for summary judgment on the complaint, (2) as limited by his brief, from so much of a judgment of the same court, entered November 5, 1999, as is in favor of the plaintiff and against him in the principal sum of $110,671.14, (3) from an order of the same court, dated March 15, 2000, which granted the plaintiff's motion for leave to enter an amended judgment in the principal sum of $54,000, and (4), as limited by his brief, from an amended judgment of the same court, entered July 31, 2000, which is in favor of the plaintiff and against him in the principal sum of $54,000.

Ordered that the appeals from the orders are dismissed; and it is further,

Ordered that the appeal from the judgment is dismissed, as the judgment was superseded by the amended judgment; and it is further,

Ordered that the amended judgment is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiff-respondent is awarded one bill of costs.

The appeals from the intermediate orders must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the amended judgment (*see,* CPLR 5501 [a] [1]).

The appellant contends that by commencing this action the plaintiff was doing business within the State of New York in violation of the General Business Law and the Business Corporation Law (*see,* General Business Law § 130; Business Corporation Law § 1312). Therefore, the appellant claims, the plaintiff lacked the capacity to commence this action and the Supreme Court erred in granting summary judgment. It is well settled that "[t]he mere maintenance of an action by * * * a foreign corporation does not constitute 'doing business' within the State" (*De Ran Landscaping Serv. v De Ran Indus.,* 109 AD2d 1040, 1041, quoting Business Corporation Law § 1301 [b] [1]).

Contrary to the appellant's further contention, the plaintiff's motion for summary judgment was sufficiently supported by an affidavit of one with personal knowledge of the facts. The plaintiff made a prima facie showing of entitlement to summary judgment and the appellant failed to raise a triable issue of fact to defeat summary judgment (*see, Pensabene v Incorporated Vil. of Val. Stream,* 202 AD2d 486).

The appellant's remaining contentions are without merit. Krausman, J. P., Goldstein, Luciano and Feuerstein, JJ., concur.