■ HIGHFILL, INC., Appellant, v BRUCE AND IRIS, INC., et al., Respondents. [855 NYS2d 635]—

In an action to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Weber, J.), dated January 18, 2007, as granted the defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (3) and Business Corporation Law § 1312 (a).

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, a Louisiana corporation, entered into a contract with the defendants pursuant to which it was to conduct and manage a "going out of business sale" for the defendants. After a dispute arose between the parties, the plaintiff commenced this action seeking to recover damages for breach of contract. The defendants moved to dismiss the complaint on the ground that the plaintiff lacked standing to maintain the action in New York, since it was a foreign corporation doing business in New York without authorization. Business Corporation Law § 1312 (a) "constitutes a bar to the maintenance of an action by a foreign corporation" in New York if that corporation is found to be "doing business" here without having obtained the requisite authorization to do so (*Airline Exch. v Bag*, 266 AD2d 414, 415 [1999]). The question of whether a foreign corporation is "doing business" in New York "must be approached on a case-by-case basis with inquiry made into the type of business being conducted" (*Alicanto, S. A. v Woolverton*, 129 AD2d 601, 602 [1987]). In order for a court to find that a foreign corporation is "doing business" in New York within the meaning of Business Corporation Law § 1312 (a), "the corporation must be engaged in a regular and continuous course of conduct in the State" (*Commodity Ocean Transp. Corp. of N.Y. v Royce*, 221 AD2d 406, 407 [1995]). A defendant relying upon Business Corporation Law § 1312 (a) as a statutory barrier to a plaintiff's lawsuit "bears the burden of proving that the [plaintiff] corporation's business activities in New York 'were not just casual or occasional,' but 'so systematic and regular as to manifest continuity of activity in the jurisdiction' " (*S & T Bank v Spectrum Cabinet Sales*, 247 AD2d 373, 373 [1998], quoting *Peter Matthews, Ltd. v Robert Mabey, Inc.*, 117 AD2d 943, 944 [1986]). Absent sufficient evidence to establish that a plaintiff is doing

business in this state, "the presumption is that the plaintiff is doing business in its State of incorporation . . . and not in New York" (*Cadle Co. v Hoffman*, 237 AD2d 555 [1997]).

Here, the undisputed evidence submitted by the defendants demonstrated that the plaintiff's business activities in New York were not simply "casual or occasional," but rather the activities were "systematic and regular," intrastate in character, and essential to the plaintiff's corporate business (*see Parkwood Furniture Co. v OK Furniture Co.*, 76 AD2d 905 [1980]). The plaintiff's regional vice-president for the northeast territory, as part of his job duties, regularly and continuously solicited potential companies in New York in an effort to persuade the companies to retain the plaintiff to conduct and manage "special sales" in New York. He also was required to handle any problems that arose with respect to the "special sales" that took place within his territory, including New York.

Further, once engaged by a New York company to organize, conduct, and manage a "special sale," the plaintiff maintained control over the operation of the sale by, inter alia, providing the company with a sales manager and salespersons to work at the sale. The sales manager and salespersons would come to New York for approximately two to three months and sell merchandise, including merchandise belonging to the plaintiff, to New York consumers. In fact, the plaintiff undertook an extensive advertising campaign with respect to the "special sales" aimed at New York consumers.

In addition, the plaintiff conducted and managed at least three sales in New York in or around 2001 and 2002, which resulted in total sales of approximately $1,750,000. During the six-month period from October 2005 until April 2006, there were at least six sales, in addition to the defendants' sale, scheduled or already being conducted by the plaintiff in New York, which resulted in sales totaling approximately $4,850,000.

Under such circumstances, the Supreme Court properly concluded that the plaintiff was "doing business" in New York within the meaning of Business Corporation Law § 1312 (a) (*see Eli Lilly & Co. v Sav-On-Drugs, Inc.*, 366 US 276, 282 [1961]; *Marion Labs. v Wolins Pharmacal Corp.*, 28 NY2d 884 [1971]; *Parkwood Furniture Co. v OK Furniture Co.*, 76 AD2d at 905).

Contrary to the plaintiff's contention, there were no factual issues in dispute with respect to whether the plaintiff was doing business in New York sufficient to warrant a hearing. This case does not present a situation in which the motion should have been denied pending discovery, since any information regarding the plaintiff's business activities in New York was, and clearly

is, in the plaintiff's possession. Rivera, J.P., Santucci, Dickerson and Belen, JJ., concur.