■ Arthur Tsutsui, Appellant, v Richard A. Barasch et al., Respondents. [892 NYS2d 400]—

In a shareholders' derivative action, inter alia, to recover damages for breach of fiduciary duty, the plaintiff appeals from an order of the Supreme Court, Westchester County (Rudolph, J.), entered May 20, 2008, which granted those branches of the defendants' motion which were pursuant to Business Corporations Law § 626 (c), CPLR 3016 (b) and 3211 (a) (7) to dismiss the complaint.

Ordered that the order is modified, on the law, by deleting the provisions thereof granting those branches of the defendants' motion which were to dismiss the second and third causes of action and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Westchester County, to determine that branch of the defendants' motion which sought, in the alternative, the imposition of a security bond pursuant to Business Corporation Law § 627.

The requirement in Business Corporation Law § 626 (c) that a shareholder first demand action from the board of directors before commencing a derivative suit is excused because of futility, inter alia, "when a complaint alleges with particularity that a majority of the board of directors is interested in the challenged transaction" (*Marx v Akers,* 88 NY2d 189, 200 [1996]). "Director interest may either be self-interest in the transaction at issue, or a loss of independence because a director with no

direct interest in a transaction is 'controlled' by a self-interested director" (*id.* at 200 [citation omitted]). Contrary to the Supreme Court's determination, the plaintiff alleged with sufficient particularity that a majority of the nine directors of the nominal defendant Universal American Financial Corporation (hereinafter Universal) was interested in the challenged transactions. The defendant Richard A. Barasch, Universal's chairman of the board and chief executive officer, clearly was interested, as he was accused of receiving a direct financial benefit by personally engaging in insider trading (*id.* at 202; *Barr v Wackman,* 36 NY2d 371 [1975]). The defendant directors Bradley E. Cooper, Eric W. Leathers, and Robert A. Spass were interested by virtue of their ownership or close affiliation with Capital Z, a business entity which was alleged to have profited through the sale of Universal stock on the basis of inside information (*see Marx v Akers,* 88 NY2d at 202; *see also Bansbach v Zinn,* 1 NY3d 1, 11 [2003]). The defendant director Bertram Harnett, although not alleged to have engaged in any improper insider trading, lacked independence and therefore was interested due to the substantial fees that his small, three attorney law firm earned for services rendered to Universal, amounting to nearly $1 million over the two years prior to the filing of the complaint (*see Marx v Akers,* 88 NY2d at 200-201; *see also In re Infousa, Inc. Shareholders Litig.,* 953 A2d 963, 985 [Ct of Chancery, Del]). Under these circumstances, demand upon the board of directors was excused.

In reviewing the sufficiency of the allegations of insider trading under CPLR 3211 (a) (7), we "give the pleading a liberal construction, accept all of the facts alleged in the pleading to be true, and accord the plaintiff the benefit of every possible favorable inference in determining whether the allegations fit under any cognizable legal theory" (*Zane v Minion,* 63 AD3d 1151, 1152 [2009]; *see Leon v Martinez,* 84 NY2d 83 [1994]). Additionally, as this suit involves allegations of a breach of fiduciary duty, the complaint is subject to the more stringent pleading requirements mandated by CPLR 3016 (b) (*see DeRaffele v 210-220-230 Owners Corp.,* 33 AD3d 752 [2006]).

A corporate officer breaches his or her fiduciary duty when he or she profits by trading on the basis of material inside information (*see Diamond v Oreamuno,* 24 NY2d 494, 497-498 [1969]). "[A] person who acquires special knowledge or information by virtue of a confidential or fiduciary relationship with another is not free to exploit that knowledge or information for his [or her] own personal benefit but must account to his [or her] principal for any profits derived therefrom" (*id.* at 497). Al-

though trading on inside information does not always cause a direct harm to the corporation, it is the corporation that has the higher claim to profits resulting from the use of inside information which has been entrusted to a fiduciary (*id.* at 498). Where a misappropriation of corporate inside information is established, equity requires the imposition of a constructive trust over any profits gained from the use of such information in order to prevent an unjust enrichment (*id.* at 501; Restatement [Second] of Agency § 388, Comment *c*).

Here, the complaint alleges with the requisite particularity that the stock sales in question were made on the basis of inside information that Universal's quarterly earnings would steadily decline and fail to meet expectations. The allegations are supported, inter alia, by the timing, volume, and frequency of these transactions, the positions of the transacting corporate officers within the company, the scrutiny and timeliness with which management monitored the company's financial situation, and the fact that these transactions occurred during the relevant period in which the company failed to meet its earnings projections. Contrary to the defendants' contention, the allegations regarding these transactions satisfied the requirements of CPLR 3016 (b), since the complaint gave the defendants notice of the "incidents complained of" (*Pludeman v Northern Leasing Sys., Inc.,* 10 NY3d 486, 491 [2008]). CPLR 3016 (b) "should not be so strictly interpreted as to prevent an otherwise valid cause of action in situations where it may be impossible to state in detail the circumstances constituting a fraud" (*id.* [internal quotation marks omitted]). Accordingly, the plaintiff's claims in the second and third causes of action must be permitted to proceed.

However, the allegations in the first cause of action of the complaint, concerning inaccurate and misleading corporate statements, are wholly conclusory and, in any event, pertain to opinions and predictions of future occurrences which are not actionable (*see Hershfang v Citicorp,* 767 F Supp 1251, 1256 [1991]; *see generally Platus Corp. Pension Plan v Nazareth,* 271 AD2d 422 [2000]; *Zanani v Savad,* 217 AD2d 696 [1995]). Thus, the first cause of action was properly dismissed.

On remittal, the Supreme Court should determine that branch of the defendants' motion which sought, in the alternative, the imposition of a security bond pursuant to Business Corporation Law § 627 before permitting the action to proceed. Mastro, J.P., Miller, Angiolillo and Austin, JJ., concur.