JPMorgan Chase Bank, N.A. v Didato (2020 NY Slip Op 03903)





JPMorgan Chase Bank, N.A. v Didato


2020 NY Slip Op 03903


Decided on July 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2016-10452
 (Index No. 3473/11)

[*1]JPMorgan Chase Bank, N.A., plaintiff, 
v
Anthony Didato, respondent, et al., defendants; Ventures Trust 2013-I-H-R by MCM Capital Partners, LLC, nonparty-appellant.


Adam Leitman Bailey, P.C., Rochester, NY (Jeffrey R. Metz of counsel), for nonparty-appellant.
Brian McCaffrey Attorney at Law, P.C., Jamaica, NY, for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, nonparty Ventures Trust 2013-I-H-R by MCM Capital Partners, LLC, appeals from an order of the Supreme Court, Dutchess County (Peter M. Forman, J.), dated August 15, 2016. The order, insofar as appealed from, granted those branches of the motion of the defendant Anthony Didato which were pursuant to CPLR 3211(a)(3) to dismiss the complaint insofar as asserted against him and to compel the plaintiff to toll all interest and fees on the subject mortgage loan to the extent of tolling the interest and fees from September 19, 2013.
ORDERED that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, and those branches of the motion of the defendant Anthony Didato which were pursuant to CPLR 3211(a)(3) to dismiss the complaint insofar as asserted against him and to compel the plaintiff to toll all interest and fees on the subject mortgage loan are denied.
This mortgage foreclosure action was commenced in May 2011. The defendant Anthony Didato (hereinafter the defendant) moved, inter alia, pursuant to CPLR 3211(a)(3) to dismiss the complaint insofar as asserted against him on the ground that the plaintiff's assignee, the nonparty Ventures Trust 2013-I-H-R by MCM Capital Partners, LLC, a Maryland corporation, lacked the capacity to sue pursuant to Business Corporation Law § 1312(a), as it was a foreign corporation doing business in this State without authority, and to compel the plaintiff to toll all interest and fees on the subject mortgage loan. The plaintiff opposed the motion. In an order dated August 15, 2016, the Supreme Court, inter alia, granted those branches of the defendant's motion which were to dismiss the complaint insofar as asserted against him and to compel the plaintiff to toll all interest and fees on the mortgage loan to the extent of tolling the interest and fees from September 19, 2013. The nonparty Ventures Trust 2013-I-H-R by MCM Capital Partners, LLC (hereinafter the appellant), appeals.
"Business Corporation Law § 1312(a) constitutes a bar to the maintenance of an action by a foreign corporation found to be doing business in New York without . . . the required authorization to do business there" (Airline Exch. v Bag, 266 AD2d 414, 415). "The purpose of that section is to regulate foreign corporations which are doing business' within the State, not . . . to [*2]enable the avoidance of contractual obligations" (Von Arx, AG. v Breitenstein, 41 NY2d 958, 960). "[T]he party relying upon this statutory barrier bears the burden of proving that the corporation's business activities in New York were not just casual or occasional, but so systematic and regular as to manifest continuity of activity in the jurisdiction" (S & T Bank v Spectrum Cabinet Sales, 247 AD2d 373, 373 [citation and internal quotation marks omitted]). "[A]bsent proof establishing that the [subject corporation] is doing business in New York, it is presumed that [it] is doing business in [the] State of incorporation, and not in New York" (Airline Exch. v Bag, 266 AD2d at 415; see S & T Bank v Spectrum Cabinet Sales, 247 AD2d at 374).
The defendant failed to establish, prima facie, that "[the appellant] conducted continuous activities in [New York] essential to its corporate business" (Von Arx, AG. v Breitenstein, 52 AD2d 1049, 1050, affd 41 NY2d 958; see Airline Exch. v Bag, 266 AD2d at 415; Business Corporation Law § 1312[a]). Therefore, "the presumption that [the appellant] does business, not in New York but in its State of incorporation has not been overcome" (Construction Specialties v Hartford Ins. Co., 97 AD2d 808, 808). Accordingly, the Supreme Court should not have granted that branch of the defendant's motion which was to dismiss the complaint insofar as asserted against him.
Moreover, in light of the particular facts in this case, and the lack of wrongful conduct on the part of the plaintiff or the appellant (see Onewest Bank, FSB v Kaur, 172 AD3d 1392, 1393-1394), the Supreme Court improvidently exercised its discretion in granting that branch of the defendant's motion which was to compel the plaintiff to toll all interest and fees on the mortgage loan to the extent of tolling the interest and fees from September 19, 2013.
CHAMBERS, J.P., AUSTIN, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court