Central Care Solutions, LLC v Grand Great Neck, LLC (2023 NY Slip Op 04749)

Central Care Solutions, LLC v Grand Great Neck, LLC

2023 NY Slip Op 04749

Decided on September 27, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
PAUL WOOTEN
LILLIAN WAN, JJ.

2021-04489 
2021-09305
2023-02425
 (Index No. 600342/20)

[*1]Central Care Solutions, LLC, et al., plaintiffs, Clean-Tex Services, Inc., appellant, 
v
Grand Great Neck, LLC, etc., et al., respondents.

McGrail & Bensinger LLP, New York, NY (Patrick Train-Gutiérrez and Daniel C. Malone of counsel), for appellant.
Abrams Fensterman, LLP, White Plains, NY (Robert A. Spolzino of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff Clean-Tex Services, Inc., appeals from (1) an order of the Supreme Court, Nassau County (Jack L. Libert, J.), entered November 2, 2020, (2) a judgment of the same court (David P. Sullivan, J.) entered May 17, 2021, and (3) an order of the same court (David P. Sullivan, J.) dated October 12, 2021. The order entered November 2, 2020, insofar as appealed from, granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted by the plaintiff Clean-Tex Services, Inc., to the extent of directing that plaintiff to take all necessary actions to obtain authorization to conduct business in New York within six months to avoid dismissal of the amended complaint insofar as asserted by that plaintiff. The judgment, upon the order entered November 2, 2020, dismissed the amended complaint insofar as asserted by the plaintiff Clean-Tex Services, Inc., with prejudice. The order dated October 12, 2021, insofar as appealed from, denied the motion of the plaintiff Clean-Tex Services, Inc., for leave to renew its opposition to that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted by it or to vacate the order entered November 2, 2020, and the judgment.
ORDERED that the appeal from the order entered November 2, 2020, is dismissed; and it is further,
ORDERED that the judgment is modified, on the law and in the exercise of discretion, by deleting the provision thereof dismissing the amended complaint insofar as asserted by the plaintiff Clean-Tex Services, Inc., with prejudice, and substituting therefor a provision dismissing the amended complaint insofar as asserted by the plaintiff Clean-Tex Services, Inc., without prejudice; as so modified, the judgment is affirmed; and it is further,
ORDERED that the appeal from the order dated October 12, 2021, is dismissed as academic in light of our determination on the appeal from the judgment; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff Clean-Tex Services, Inc.
The appeal from the order entered November 2, 2020, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241). The issues raised on the appeal from the order entered November 2, 2020, are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
In January 2020, the plaintiff Clean-Tex Services, Inc. (hereinafter Clean-Tex), and two other plaintiffs commenced this action, inter alia, to recover damages for breach of contract. In March 2020, the defendants moved, among other things, pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted by Clean-Tex on the ground, inter alia, that Clean-Tex lacked the capacity to sue pursuant to Business Corporation Law § 1312(a), as it was a foreign corporation doing business in New York without authority. Clean-Tex opposed the motion. In an order entered November 2, 2020, the Supreme Court, among other things, granted that branch of the motion which was to dismiss the amended complaint insofar as asserted by Clean-Tex to the extent of directing Clean-Tex to take all necessary actions to obtain authorization to conduct business in New York within six months or else the amended complaint insofar as asserted by Clean-Tex would be dismissed with prejudice upon the defendants' submission of a proposed order of dismissal.
It is undisputed that Clean-Tex did not obtain authorization to conduct business in New York by the court-ordered deadline of April 29, 2021. However, on April 23, 2021, Clean-Tex submitted an affirmation to the Supreme Court, with notice to the defendants, acknowledging that it had not yet obtained the authorization and explaining its efforts so far. In this affirmation, without a notice of motion, Clean-Tex requested a 90-day extension to comply with the order entered November 2, 2020.
On April 30, 2021, one day after the court-ordered deadline, the defendants submitted a proposed order and argued that the amended complaint insofar as asserted by Clean-Tex should be dismissed with prejudice. In response, Clean-Tex once again requested an extension to comply with the order entered November 2, 2020, and argued that dismissal with prejudice would be a disproportionate and drastic remedy.
In a judgment entered May 17, 2021, the Supreme Court dismissed the amended complaint insofar as asserted by Clean-Tex with prejudice. On June 8, 2021, 40 days past the court-ordered deadline, Clean-Tex obtained its authorization to conduct business in New York.
"Business Corporation Law § 1312(a) constitutes a bar to the maintenance of an action by a foreign corporation found to be doing business in New York without . . . the required [*2]authorization to do business there" (Airline Exch. v Bag, 266 AD2d 414, 415; see JPMorgan Chase Bank, N.A. v Didato, 185 AD3d 801, 802). The purpose of this statutory provision "'is to regulate foreign corporations which are "doing business" within the State, not . . . to enable the avoidance of contractual obligations'" (JPMorgan Chase Bank, N.A. v Didato, 185 AD3d at 802, quoting Von Arx, AG. v Breitenstein, 41 NY2d 958, 960).
Under all of the circumstances present here, in light of the clear preference for disposition of cases on the merits (see Strong v Delemos, 172 AD3d 940, 942; Halali v Evanston Ins. Co., 288 AD2d 260, 262), the Supreme Court, upon dismissing the amended complaint insofar as asserted by Clean-Tex, improvidently exercised its discretion in doing so with prejudice (see Von Arx, AG. v Breitenstein, 41 NY2d at 960; McCagg v Schulte Roth & Zabel LLP, 74 AD3d 620, 627).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
DUFFY, J.P., MILLER, WOOTEN and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court