Forethought Life Ins. Co. v 1442, LLC (2025 NY Slip Op 07285)

Forethought Life Ins. Co. v 1442, LLC

2025 NY Slip Op 07285

Decided on December 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
VALERIE BRATHWAITE NELSON
DEBORAH A. DOWLING
LOURDES M. VENTURA, JJ.

2024-03914
 (Index No. 526490/22)

[*1]Forethought Life Insurance Company, respondent,
v
1442, LLC, et al., appellants, et al., defendants.

Sukenik, Segal & Graff, P.C., New York, NY (Douglas I. Segal of counsel), for appellants.
Roach & Lin, P.C., Syosset, NY (Edward Rugino and Hans Augustin of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants 1442, LLC, Rochel Miriam Kassirer, and Isaac Kassirer appeal from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated September 6, 2023. The order denied those defendants' motion pursuant to CPLR 3211(a)(3) to dismiss the complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to foreclose a mortgage against, among others, the defendants 1442, LLC, Rochel Miriam Kassirer, and Isaac Kassirer (hereinafter collectively the defendants). The defendants moved pursuant to CPLR 3211(a)(3) to dismiss the complaint insofar as asserted against them on the ground that the plaintiff lacked the capacity to sue pursuant to Business Corporation Law § 1312(a), as it was a foreign corporation doing business in this State without authority. In an order dated September 6, 2023, the Supreme Court denied the defendants' motion. The defendants appeal.
"Business Corporation Law § 1312(a) constitutes a bar to the maintenance of an action by a foreign corporation found to be doing business in New York without having obtained the required authorization to do business there" (Airline Exch. v Bag, 266 AD2d 414, 415; see Business Corporation Law § 1312[a]; JPMorgan Chase Bank, N.A. v Didato, 185 AD3d 801, 802). "The purpose of this statutory provision is to regulate foreign corporations which are doing business within the State, not . . . to enable the avoidance of contractual obligations" (Central Care Solutions, LLC v Grand Great Neck, LLC, 219 AD3d 1482, 1485 [internal quotation marks omitted]; see Von Arx, AG. v Breitenstein, 41 NY2d 958). "The party relying upon this statutory barrier bears the burden of proving that the corporation's business activities in New York were not just casual or occasional, but so systematic and regular as to manifest continuity of activity in the jurisdiction" (JPMorgan Chase Bank, N.A. v Didato, 185 AD3d at 802-803 [alteration and internal quotation marks omitted]; see Highfill, Inc. v Bruce & Iris, Inc., 50 AD3d 742, 743). "[A]bsent proof establishing that the plaintiff is doing business in New York, it is presumed that the plaintiff is doing business in its State of incorporation and not in New York" (Airline Exch. v Bag, 266 AD2d at 415; see JPMorgan Chase Bank, N.A. v Didato, 185 AD3d at 803).
The defendants failed to establish, prima facie, that the plaintiff "conducted continuous activities in New York essential to its corporate business" (JPMorgan Chase Bank, N.A. v Didato, 185 AD3d at 803 [alteration and internal quotation marks omitted]; see Business Corporation Law § 1312[a]; Engineering & Tech. Resources, Inc. v Xcel Dev. Corp., 139 AD3d 661, 662). Therefore, the presumption that the plaintiff does business not in New York but in its State of incorporation has not been overcome (see JPMorgan Chase Bank, N.A. v Didato, 185 AD3d at 803; Construction Specialties v Hartford Ins. Co., 97 AD2d 808, 808). Accordingly, the Supreme Court properly denied the defendants' motion pursuant to CPLR 3211(a)(3) to dismiss the complaint insofar as asserted against them.
In light of the foregoing, we need not consider the plaintiff's remaining contentions.
LASALLE, P.J., BRATHWAITE NELSON, DOWLING and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court