Star201, LLC v Martinez

2026 NY Slip Op 02144

April 8, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Star201, LLC, appellant,

v

Valentin Martinez, respondent, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 8, 2026

2023-03918, (Index No. 712094/21)

Angela G. Iannacci, J.P.

Lara J. Genovesi

Carl J. Landicino

Laurence L. Love, JJ.

Richland & Falkowski, PLLC, Washingtonville, NY (Daniel H. Richland of counsel), for appellant.

Twyla Cater, Jamaica, NY (Jennifer N. Levy of counsel), for respondent.

[*1]

DECISION & ORDER

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), dated March 14, 2023. The order, insofar as appealed from, conditionally granted the cross-motion of the defendant Valentin Martinez for summary judgment dismissing the complaint insofar as asserted against him unless the plaintiff provided proof of compliance with Limited Liability Company Law § 802 within 30 days of the order.

ORDERED that the order is reversed insofar as appealed from, on the law, with costs, the cross-motion of the defendant Valentin Martinez for summary judgment dismissing the complaint insofar as asserted against him is denied, so much of the order as denied the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against that defendant and for an order of reference without prejudice to renew upon proof of compliance with Limited Liability Company Law § 802 is vacated, and the matter is remitted to the Supreme Court, Queens County, for a determination on the merits of the plaintiff's motion.

The plaintiff commenced this mortgage foreclosure action against, among others, the defendant Valentin Martinez (hereinafter the defendant). The defendant interposed an answer in which he asserted various affirmative defenses and counterclaims. The plaintiff subsequently moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. The defendant cross-moved for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiff lacked the capacity to sue in New York because it was a foreign limited liability company doing business in this State without authority. In an order dated March 14, 2023, the Supreme Court conditionally granted the defendant's cross-motion unless the plaintiff provided proof of compliance with Limited Liability Company Law § 802 within 30 days of the order, and denied the plaintiff's motion without prejudice to renew upon proof of compliance with Limited Liability Company Law § 802. The plaintiff appeals.

Limited Liability Company Law § 802(a) requires that "[b]efore doing business in [*2]this state, a foreign limited liability company shall apply for authority to do business in this state." Limited Liability Company Law § 808(a) provides that "[a] foreign limited liability company doing business in this state without having received a certificate of authority to do business in this state may not maintain any action, suit or special proceeding in any court of this state." Limited Liability Company Law § 803(a)(1) provides that "a foreign limited liability company shall not be considered to be doing business in this state for the purposes of this chapter, by . . . maintaining or defending any action or proceeding, whether judicial, administrative, arbitrative or otherwise or effecting settlement thereof or the settlement of claims or disputes."

"[T]he party relying upon [the] statutory barrier bears the burden of proving that the corporation's business activities in New York were not just casual or occasional, but so systematic and regular as to manifest continuity of activity in the jurisdiction" (JPMorgan Chase Bank, N.A. v Didato, 185 AD3d 801, 802-803 [internal quotation marks omitted]; see S & T Bank v Spectrum Cabinet Sales, 247 AD2d 373, 373). "[A]bsent proof establishing that the [subject corporation] is doing business in New York, it is presumed that [it] is doing business in [the] State of incorporation and not in New York" (JPMorgan Chase Bank, N.A. v Didato, 185 AD3d at 803 [internal quotation marks omitted]; see Highfill, Inc. v Bruce & Iris, Inc., 50 AD3d 742, 743-744). "[T]he mere maintenance of an action by . . . a foreign corporation does not constitute doing business within the State" (Federal Fin. Co. v Levine, 281 AD2d 454, 455 [internal quotation marks omitted]; see Limited Liability Company Law § 803).

Here, the evidence submitted by the defendant in support of his cross-motion established only that the plaintiff has commenced numerous other mortgage foreclosure actions in New York. However, the mere maintenance of an action by a foreign corporation does not constitute doing business within the State (see Limited Liability Company Law § 803; JPMorgan Chase Bank, N.A. v Didato, 185 AD3d at 802-803; Federal Fin. Co. v Levine, 281 AD2d at 455). Thus, the defendant failed to establish, prima facie, that the plaintiff was engaged in doing business in this State.

Accordingly, the Supreme Court erred in conditionally granting the defendant's cross-motion for summary judgment dismissing the complaint insofar as asserted against him unless the plaintiff provided proof of compliance with Limited Liability Company Law § 802 within 30 days of the order.

IANNACCI, J.P., GENOVESI, LANDICINO and LOVE, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court