Wilmington Sav. Fund Socy. v Okoronkwo
2026 NY Slip Op 03253
May 21, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Wilmington Savings Fund Society etc., Plaintiff-Appellant,
v
Precila Okoronkwo et al., Defendants-Respondents, Paragon Oil Bunder Service & Repair Company, Inc., et al. Defendants.

Decided and Entered: May 21, 2026
Index No. 804084/21|Appeal No. 6696|Case No. 2025-02982|
Before: Moulton, J.P., González, O'Neill Levy, Chan, Hagler, JJ.

Richland & Falkowski, PLLC, Washingtonville (Daniel H. Richland of counsel), for appellant.
Twyla Carter, The Legal Aid Society, Bronx (Robert Soriano-Hewitt of counsel), for respondents.

[*1]
Order, Supreme Court, Bronx County (Naita A. Semaj, J.), entered on or about April 16, 2025, which, to the extent appealed from as limited by the briefs, granted defendants' motion to reargue an order, which granted plaintiff's motion for summary judgment and for an appointment of a referee, and substituted plaintiff in the place and stead of NS194, LLC, and which denied defendant's cross-motion for summary judgment to dismiss the action, and which upon reargument, directed plaintiff to prove its predecessor-in-interest, NS194's, compliance with Limited Liability Company Law § 802 within thirty days or face dismissal and stayed execution of the December 5, 2024 and the April 4, 2025 order of reference, unanimously reversed, on the law, without costs, and defendants' motion for reargument denied.
Supreme Court erred in directing plaintiff to prove NS194's compliance with Limited Liability Company Law § 802 (see Kapitus Servicing, Inc. v Epazz, Inc., 231 AD3d 408, 409 [1st Dept 2024]). Defendants failed to rebut the presumption that NS194 was not conducting business within the state and lacked capacity to sue pursuant to Limited Liability Company Law § 802. Plaintiff's conduct of purchasing and foreclosing on mortgages in New York does not constitute doing business in this state (see Limited Liability Company Law § 803[a][1] ["maintaining or defending any action or proceeding" is not "doing business in this state"]; S & T Bank v Spectrum Cabinet Sales, 247 AD2d 373, 374 [2d Dept 1998]). Defendant's reliance on Supreme Court's decision in Star201, LLC v Martinez (2023 NY Slip Op. 31059[U], *1 [NY Sup Ct, Queens County 2023]) does not change the outcome as the Second Department recently reversed that decision (see Star201, LLC v Martinez, AD3d , 2026 NY Slip Op 02144, *2 [2d Dept Apr. 8, 2026] ["the mere maintenance of an action [for foreclosure] by a foreign corporation does not constitute doing business within the State"] [internal quotation marks and citation omitted]).
Given this finding, there is no need to reach appellant's remaining arguments.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 21, 2026